In The Matter of Benjamin KOMINSKI. No. 15.

United States District Court
D. Delaware.
Dec. 17, 1958.

Benjamin Kominski, petitioner, pro se.

F. Alton Tybout, Chief Deputy Atty. Gen., for the State.

LAYTON, District Judge.

This is an application for habeas corpus by a prisoner confined in the New Castle Correctional Institution upon a conviction in the Superior Court of Delaware for Robbery. Pursuant to the requirements of Title 28, U.S.C.A. § 2249, the respondent (State of Delaware) filed with the Court copies of the indictment, the plea of the petitioner and the judg-

ment together with a copy of the record of his hearing in the Superior Court.[1] Two reasons are assigned for the petitioner's alleged illegal detention: (1) That, after his arrest in May, 1956, he was not brought to trial within two terms as required by Title 10 Del.C.1953, § 6910[2] and (2) that he was not afforded a speedy trial under the 6th and/or the 14th Amendments to the Federal Constitution.

A chronological sequence of events may serve more clearly to point up the questions involved. Petitioner was placed on parole in Pennsylvania in May, 1955. In late April or early May, 1956, he was arrested in Pennsylvania and taken to Delaware on charges of Robbery. A detainer was placed against him in Pennsylvania for violation of parole in that State. At the May term, 1956, he was indicted by the Grand Jury in and for New Castle County, Delaware, for Robbery. The case was continued until the September term. While not a matter of absolute certainty, it is highly probable that this was at the request of his court-appointed attorney who testified:

"I don't recall, your Honor, whether it (the continuance) was at my request or not. I do know that the sume that it was at my request because I had been appointed only a case was continued. I would as-week before that."[3]

At the September term, the case was continued upon the application of the attorney for petitioner's co-defendant. Petitioner's attorney definitely made no objection to this second continuance.[4] The case was scheduled for trial at the No-

1. Compare United States ex rel. De Vita v. McCorkle, 3 Cir., 216 F.2d 743.

2. "If any person is committed for * * * felony and is not indicted and tried at the next term of court where such crime is cognizable, he shall be set at liberty on bail, unless it appears by affidavit that the witnesses for the State could not then be had. If such prisoner is not indicted and tried at the second term after his commitment, he shall be discharged from prison."

3. This and other facts are found in the record taken before Superior Court Judge James B. Carey upon petitioner's hearing on his petition for habeas corpus originally filed in that Court.

4. The Court: "* * * When this matter of the second continuance [to the Nov. term] at the last term came up, Mr. Becker [defendant's court-appointed lawyer] was informed that a continuance was being considered, and while he did

vember term on November 20th but, for reasons not appearing, had to be continued until November 28th when it was tried. Two days prior to that, and unknown to petitioner's attorney, petitioner filed a petition for a writ of habeas corpus upon the grounds above set forth. This was denied by Judge Carey of the Superior Court after a full hearing upon the facts and by the Supreme Court of Delaware upon the ground that defendant had not opposed the continuance in September and thus waived any right he might have had. Kominski v. State, Del., 141 A.2d 138. Certiorari was denied by the Supreme Court of the United States, October 13, 1958.

The petition was filed in this Court on November 13, 1958. It alleges the same two reasons assigned as grounds in the Superior Court petition.

■■ There are several reasons why petitioner's first point is completely lacking in validity. First, it was filed too late—just prior to the date of his trial on November 28, 1956. The question was then moot. Second, even if the petition had been filed a substantial time prior to November 28, and had been granted, petitioner was only entitled to release without bail not, as he conceives, to a dismissal of the indictment.[5] Thirdly, no constitutional question is raised, as I see it, for the point is based upon a statutory right. Fourth, he did not object to the second continuance which ends all debate on the matter.

■ As to the second point, whether or not based upon the 6th or 14th Amendments to the Federal Constitution, the petitioner's case is equally unconvincing. The Supreme Court of Delaware gave this question careful consideration and concluded that he had waived whatever right to speedy trial he might have had. Kominski v. State, supra. I fully concur in that result.[6]

There was actually a third reason urged before me at the hearing although it was not assigned as a ground in the petition filed in this Court. Neither was it urged in the Delaware Superior or Supreme Courts. The reason is this. Petitioner claims that he asked his counsel to go to Philadelphia to interview two witnesses at a given address. These witnesses, according to petitioner, were night club singers or habitues and would

not formally consent to it, he, nevertheless, made no objection to it?"
Mr. Becker: "That is correct."

5. Title 10 of Del.C. § 6910 has been construed to mean that if a defendant is not tried the first term following indictment, he is entitled to discharge from custody with bail taken upon his own recognizance and if not tried at the second term following indictment, then to discharge from custody without bail, but in either case, subject to trial at a later time. Latson v. State of Delaware, Del., 146 A.2d 597.

6. And if it were necessary to give additional reasons for the result, it is my understanding that the practice of the Superior Court, at least at that time, was to arraign all persons indicted at the very beginning of the term and, upon a plea of not guilty by a person not represented by counsel, promptly to appoint counsel. The criminal calendar, including the trials of those for whom counsel had just been appointed, began approximately one week thereafter. Because of the short interval between the appointment of counsel and trial, it was quite usual for counsel appointed for the first time to request a continuance in order better to prepare themselves for trial. Such a continuance is plainly in the accused's interest and was practically always granted. In the instant case it is more than probable that this happened. Are we to suppose that even if the defendant objected to continuance, the Court would have forced an unprepared lawyer to trial in an important charge such as Robbery, particularly, where the defendant himself admits that time was needed to locate two alibi witnesses in another city? The answer must be no. Moreover, aside from the all-important fact that the petitioner failed to object to the September continuance, colloquy between the Attorney General and the Court discloses that the continuance was requested by counsel for co-defendant who had to go to Europe and, in any event, the day in which the case was set for trial in September conflicted with other trial dates. Compare Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950. Garner v. State, Del., 145 A.2d 68,

have furnished an alibi. Petitioner did not know their names but claims that he had spent the night of the crime with them on a drinking spree. He asserts that his counsel reported that one of these girls lived at this address but the other did not (he did not find either of them), but that a Philadelphia detective at the trial stated that the address was that of an auditorium. The inference is that petitioner's court-appointed counsel improperly misled him. Some of these facts were testified to by the petitioner before Judge Carey but he did not claim at that hearing that his counsel had misled him. There he was taking the position that failure to be discharged on bail under Title 10 Del.C.1953, § 6910 prevented him from making a personal search for these alleged witnesses.

Now, even if these facts were true, which is highly doubtful, and omitting the important query why petitioner would have named an auditorium as the address of the two witnesses in question, this point cannot be raised for the first time before this Court. Assuming such circumstances afforded a ground of relief, petitioner would first have to pursue his remedy in the State Courts by way of an appeal from his conviction, or if this were denied, then upon a further petition for habeas corpus followed by a full hearing on the facts. Only after he had unsuccessfully urged this point through the State Courts, followed by a denial of certiorari by the Supreme Court of the United States, could petitioner turn to this Court for relief. Title 28 U.S.C.A. § 2254;[7] Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791. Ex parte Stonefield, D.C.W.D.Ky., 36 F.Supp. 453.

The petition is denied.

7. "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. June 25, 1948, c. 646, 62 Stat. 967."