Benjamin KOMINSKI

v.

Raymond W. ANDERSON, Acting Warden, New Castle County Correctional Institution, and Board of Corrections.

Misc. 17.

United States District Court
D. Delaware.

Aug. 12, 1960.

Benjamin Kominski, petitioner, pro se.

Clement C. Wood, Chief Deputy Atty. Gen., Wilmington, Del., for the State of Delaware.

LAYTON, District Judge.

This is a petition for habeas corpus following a decision of the Supreme Court of Delaware affirming the defendant's conviction for armed robbery by the Superior Court of Delaware.

The grounds set forth are:

(1) That the defendant was misrepresented by Court-appointed counsel.

(2) That the sentencing Court gave no opportunity to defendant to speak before being sentenced.

(3) That the sentencing Court erroneously sentenced defendant under the Habitual Criminal Act, 11 Del.C. § 3911.

(4) There was error in the admission of the statement of a co-defendant containing this defendant's name.

(5) That a detective testified from that statement and another statement, neither of which was placed in evidence.

(6) That the State of Delaware erroneously acquired jurisdiction over defendant's person.

This is the second appearance by this defendant before this Court on habeas corpus proceedings. His first petition was dismissed upon certain grounds, In re Kominski, D.C., 168 F.Supp. 836, and, as to others, the defendant was advised that they could not be entertained until he had first exhausted his remedies by appeal of his conviction to the Supreme Court of Delaware. Accordingly, the defendant prosecuted an appeal to the State Supreme Court which was denied and his conviction affirmed. Kominski v. State, Del., 154 A.2d 691.

The first ground assigned is that defendant's counsel misrepresented him. In order that defendant might have full opportunity to exploit this point, I asked his counsel, Mr. Becker, to appear and he was examined at length by this defendant. The chief complaints about his counsel are that he did not follow up defendant's request to locate alibi witnesses in Philadelphia, that he did not poll the jury, and that he refused to take an appeal to the Supreme Court.

I have already had occasion to refer to the failure of defendant's attorney to go to Philadelphia to locate witnesses in my preceding opinion. 168 F.Supp. 836. It is enough to say here that the defendant claims to have spent the night of the crime on a drunken spree at an address on Spruce Street with two female habitues of a night club. This was his alibi. He furnished the names of the two girls and their address to his attorney who drove to Philadelphia only to find that the address was a portion of the grounds owned by the University of Pennsylvania. The defendant then asked him to go to a Philadelphia night club which did not open until 2:00 a. m. to interview a girl singer there named "Sis" who was supposed to know something about the case. With his first fruitless trip in mind, Mr. Becker refused stating that the defendant would have to locate his witnesses by letter. He is not to be censured for this. It is beyond the call of duty for an attorney to be asked to drive 60 miles, round trip, at two o'clock in the morning to visit what appears to be an illegally operated club in an effort to find a singer whose full name was not known.

Plaintiff's attorney admitted that he refused to ask the jury to be polled at the verdict although requested to do so by the defendant. Mr. Becker might have done this, it is true, but no reason is shown why if it had been done, defendant would have benefited.

The defendant complains, too, that his attorney refused to take an appeal from his conviction. The short answer to this is that the defendant was permitted to appeal, pro se, his grounds were carefully examined by the Supreme Court of Delaware and denied.

■ The defendant argues also that he was not permitted to speak before sentence was imposed. But his attorney spoke in his behalf. It is highly unusual, in fact I have never seen it done, for a defendant to be allowed to address the sentencing Court after his counsel has already done so. Moreover, defendant fails to show how he was prejudiced in this respect. There is no merit to this contention.

■ There is no merit, either, to the contention that the Court referred to defendant as an habitual criminal when imposing sentence. Defendant has gotten the mistaken impression that because of this he was improperly sentenced under the Habitual Criminal Act. It is clear that Judge Carey, in sentencing the defendant, referred to him as such from his long criminal record as an habitual criminal. Again, defendant does not show that the sentence was one that could not have been imposed for robbery but could have only been imposed as an habitual criminal.

■ Next, the defendant complains of the admission into evidence of a statement made by a co-defendant which contained his name. If there was error in the admission of the statement, (which is doubtful because the two defendants were being tried jointly) it was cured by the charge of the Court to the jury that the statement of one defendant to the police is not admissible as against the other defendant unless the other defendant was also present at the time that the statement was made. The Court went on to warn the defendant that the statement was being admitted solely with respect to the co-defendant and was not to be considered in any way as evidence against Kominski. This ground of error is without substance.

There is also the charge that a detective read to the jury a portion of a statement which was not thereafter put into evidence. This is incorrect. The detective did not read from the statement. He refreshed his recollection from it. There is no showing that defendant's counsel could not have read the statement or offered it into evidence if it in any way contained matter helpful to him.

■ There is also a complaint that the State failed to put into evidence the statement of one Chessman. This ground was not specified in defendant's petition for habeas corpus nor does it appear clearly that it was urged among defendant's 25 specifications of error in his appeal before the Supreme Court of Delaware. It is difficult to understand just how defendant conceives himself to have been prejudiced. He apparently knew of the statement and if his counsel chose not to call for its production, that is an error not capable of being cured here. Certainly, there is no showing that the statement was deliberately concealed or altered or, that when defendant's counsel called for its production at trial, the State refused to produce it. Under such circumstances, it must be assumed that, even if the defendant had properly specified this reason among his grounds for habeas corpus, it would constitute no valid ground for granting the writ.

■ Finally, there is the contention that, somehow, defendant was illegally arrested in the sense that the State of Delaware improperly obtained jurisdiction over his person. This charge was not set forth as a reason for habeas corpus in the petition but it should be laid to rest once and for all. The defendant was arrested under a federal warrant, taken before the United States Commissioner in the Middle District in Pennsylvania and placed in jail for failure to make bail. Then he was taken to Delaware under proper extradition proceedings, tried and convicted. There was no invalidity about his arrest and transfer to Delaware, and even had there been, he can make no point of it. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

I conclude that neither was defendant badly represented by counsel nor do his other grounds make any showing for the granting of a writ.