Per Curiam.

It is relator’s contention that he is entitled to have these indictments pending against him dismissed on the ground that he has been denied a speedy trial.
The purpose of the framers of our Constitution, in including therein provisions that an accused is entitled to a speedy trial for a crime with which he is charged, was undoubtedly to obviate the ancient practice of holding individuals in jail for long periods of time without giving them an opportunity to establish their innocence.
The provisions for a speedy trial of persons accused of crimes appear in Section 10, Article I of the Ohio Constitution, and in the Sixth Amendment to the federal Constitution.
The limitation as to holding a person in jail without trial on a particular pending indictment is set forth in Section 2945.71, Revised Code, which reads as follows:
“No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. He shall be discharged unless a continuance is had on his motion or the delay is caused by his act.”
*70 It is, of course, quite clear that as to being held in jail without trial the time served itself has not prejudiced relator.
However, this is not the only matter which must be considered. He does have a right to a speedy trial. It is now well established that, even though one is incarcerated in one of the state’s penal institutions, he is still entitled to a speedy trial on any other indictment pending against him. The general rule is stated in 118 A. L. R., 1037, as follows:
“The general rule, followed in the majority of the states and in the federal courts, is that, under a constitutional provision guaranteeing to accused a speedy trial, and under statutes supplementing the constitutional provision and enacted for the purpose of rendering it effective, and prescribing the time within which accused must be brought to trial after indictment, a sovereign may not deny an accused person a speedy trial even though he is incarcerated in one of that sovereign’s penal institutions under a prior conviction and sentence in a court of that sovereign.”
The reason for the provisions for speedy trial is not confined solely to a prompt determination of the guilt or innocence of the accused. The court in Slate v. Keefe, 17 Wyo., 227, 257, very clearly stated the position of a convicted person, in such instances, as follows:
“The right of a speedy trial is granted by the Constitution to every accused. A convict is not excepted. He is not only amenable to the law, but is under its protection as well. No reason is perceived for depriving him of the right granted generally to accused persons, and thus in effect inflict upon him an additional punishment for the offense of which he has been convicted. At the time of defendant’s trial upon the one information, he was under the protection of the guaranty of a speedy trial as to the other. It cannot be reasonably maintained, we think, that the guaranty became lost to him upon his conviction and sentence or his removal to the penitentiary. Possibly in his case, as well as in the case of other convicts, a trial might be longer delayed, in the absence of a statute controlling the question, than in the case of one held in jail merely to await trial without violating the constitutional right, for an acquittal would not necessarily terminate imprisonment. However, the purpose *71 of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a release from the harassment of a criminal prosecution and the anxiety attending the same; and hence an accused admitted to bail is protected as well as one in prison. Moreover, a long delay may result in the loss of witnesses for the accused as well as the state, and the importance of this consideration is not lessened by the fact that the defendant is serving a sentence in the penitentiary for another crime.”
Therefore, even though an accused is in a penal institution for a prior conviction, he is, nevertheless, entitled under our law to a speedy trial on other charges pending against him.
It is equally well established that this right to a speedy trial does not automatically accrue to the accused. It depends on positive action on his part; he must act affirmatively to procure such trial, or otherwise he waives his right thereto. In other words, although the state and federal Constitutions guarantee such right, they guarantee it only if the accused claims it. State v. Cunningham, 171 Ohio St., 54; Kominski v. State, 51 Del., 163; State v. Holloway, 147 Conn., 22; and Goss v. State, 161 Tex. Crim. Rep., 37.
In State v. Sawyer, 266 Wis., 494, the court said:
“The state and federal Constitutions guarantee a right to a speedy, public trial but they do not compel one unless the person accused claims the right. The speedy trial is there for the asking but the person charged with crime is required to ask for it before he may complain that it has been denied him.”
And, in Hernandez v. State, 40 Ariz., 200, 205, the court said:
“The constitutional and statutory provisions involved herein were not meant to shield the guilty man who sits silently by and allows the officers of the state to assume that he acquisces in delaying a trial, and then, when it is too late for the mistake to be remedied, claims his rights. They were meant rather to protect the man who seasonably makes it known to the proper officers that he claims an early trial, so that his innocence may be established.”
Thus an accused cannot, whether he is in a penal institution or not, sit back for a long period of time without urging *72 his right to a trial and then nse such delay as a basis for the dismissal of the charges against him on the ground that he has been denied his constitutional right to a speedy trial. On the other hand, where an accused has diligently attempted to have indictments pending against him either dismissed or brought to trial, the failure of the state to prosecute such indictments within a reasonable time after their return may well furnish grounds for their dismissal.
This brings ns to a consideration of the position of the relator in the present case. Although there is nothing in the record to show that he has affirmatively demanded that he be brought to trial on these indictments, it is equally clear that he has not slept on his rights. There is evidence that, from as early as 1955, if not before, relator has sought to have something done about these indictments, including as to part of them an action to dismiss instituted in the Court of Common Pleas and appealed to the Court of Appeals, which relief was denied him. Thus, relator has taken affirmative action to dispose of these charges and yet for a period of some nine years the state has failed to prosecute its charges. Under such circumstances, it would appear that the relator, considering the fact that he is a layman, has done everything necessary to entitle him to relief, and that the unwarranted delay by the state in prosecuting its charges would entitle him to a dismissal thereof on the ground that he has been denied a speedy trial.
Although it is axiomatic that mandamus does not lie if there is an adequate remedy at law, it is obvious in the present case that relator has had no such remedy. He has already attempted to have two of these indictments dismissed and has been refused relief. Under such circumstances mandamus would appear to be a proper remedy.

Motion by respondent to dismiss overruled and writ allowed as to indictments Nos. 63946, 64995 and 65189.

Weygandt, C. J., Zimmeeman, Taet, Matthias, O’Neill and Griffith, JJ., concur.
Heebeet, J., not participating.