Application of Lorenzo Alfonso HAYES for
Writ of Habeas Corpus and Motion
to Dismiss.

No. A–12386.

Criminal Court of Appeals of Oklahoma.

Sept. 12, 1956.

702

Elliott Howe, Tulsa, for petitioner.

J. Howard Edmondson, County Atty., of Tulsa County, Tulsa, for respondents.

PER CURIAM.

The petitioner, Lorenzo Alfonso Hayes, is confined in the county jail of Tulsa County, and on August 8, 1956 filed in this court his petition for writ of habeas corpus, alleging that he is unlawfully held and illegally restrained of his liberty by the sheriff of Tulsa County.

Counsel sets out that petitioner was tried on a charge of murder in the district court of Tulsa County, found guilty by the jury and was sentenced to life imprisonment, but that on appeal to this court his conviction was reversed and his case remanded for a new trial, the mandate from this court being spread of record in the district court of Tulsa County on February 1, 1956. The case, Hayes v. State, is reported in Okl.Cr., 292 P.2d 442.

The basis for the writ is the allegation that prisoner has been denied a speedy trial,

to which the constitution and statute entitle him. It is pointed out that more than six months have gone by since the mandate directing a new trial was received in the trial court; that a docket was heard in February, 1956, one in March and one in April; that on April 6, 1956 petitioner filed a written application demanding that he be given an immediate trial but that his application was denied on April 30, 1956; that there was a docket set for May, 1956 and one for June, and that petitioner's new trial has been set on the September, 1956 docket of the court.

It is further alleged that by reason of the delays that petitioner filed in the district court of Tulsa County a motion to dismiss which was supported by evidence, and was by the court heard on August 1, 1956, and the motion denied.

The respondent Sheriff of Tulsa County was by this court required to file a response to the petition, and the matter came on for hearing on September 6, 1956. The County Attorney of Tulsa County has joined in the response.

In the verified response the history of petitioner's incarceration has been set out, but we are directly interested only in the history of petitioner's imprisonment just prior to and since the receipt of the mandate, February 1, 1956.

It is set out that during the pendency of the appeal petitioner was incarcerated in the Oklahoma State Penitentiary at McAlester, but that prior to the processing of his appeal he was transferred to the Oklahoma State Hospital at .Taft, Oklahoma, on the recommendation of the psychologist at the State Penitentiary; that he received thirteen electro-shock treatments at the direction of Dr. Felix Adams, who was then Superintendent of the Eastern Oklahoma State Hospital at Vinita. That on March 9, 1956 after receipt of the mandate on February 1, 1956, respondent sheriff, pursuant to an order of Eben L. Taylor, Judge of the district court of Tulsa County, removed petitioner from the state hospital at Taft and returned him to the Tulsa County jail to await the further order of the court.

Respondents further set out that upon petitioner's return from Taft to the Tulsa County jail, a specialist, Dr. Arnold Ungerman, at the request of the State, commenced an examination of the petitioner in an effort to determine the then mental condition of the petitioner, and while the examination was being conducted and prior to a conclusion being reached by said doctor, petitioner, on April 26, 1956, filed in the district court of Tulsa County an application to have the cause set for. trial and an application for bail, which was heard before district Judge Lewis C. Johnson on April 30, 1956, and denied; that the case was set for trial for September 4, 1956; that on July 23, 1956 petitioner filed a motion to dismiss and Judge Eben L. Taylor overruled said motion, and that the case has been docketed and a jury panel drawn for September 10, 1956.

Respondents set out that the reasons this case was not docketed prior to the time indicated, following receipt of mandate, are: (1) The unavailability of agents Donaldson, Webb and Zimmer of the laboratory of the F.B.I. in Washington, D. C., who testified in the previous trial wherein petitioner was defendant and whose testimony is material; and (2) The lack of determination of the present mental condition of petitioner.

It is said that the examination of petitioner by Dr. Ungerman is now completed and that the agents of the F.B.I. are available as witnesses.

No evidence was introduced at the hearing before this court. The statements of both counsel for petitioner and respondents were in accordance with the petition and response. We have had the benefit of a transcript of the evidence heard by Judge Johnson on April 30, 1956 at the time he set the case for hearing for the September, 1956 docket, and refused to set it on an earlier docket; also the evidence heard by Judge Taylor on August 1, 1956 when he refused to dismiss the case

on the alleged failure of the State to afford defendant a speedy trial.

We have read the transcript of the evidence very carefully.

The Bill of Rights of the Oklahoma Constitution provides:

"* * * and right and justice shall be administered without sale, denial, delay, or prejudice." Art. II, § 6.

And further:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed * * *." Art. II, § 20.

Tit. 22 O.S.1951 § 812 provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

We might state, however, that by the terms of 22 O.S.1951 § 817, it is further provided:

"An order for the dismissal of the action, as provided in this Article [22 O.S.1951 §§ 811–817], is not a bar to any other prosecution for the same offense."

See Ex parte Menner, 35 Okl.Cr. 252, 250 P. 541; Washington v. State, 80 Okl. Cr. 300, 159 P.2d 278; Brummitt v. Higgins, 80 Okl.Cr. 183, 157 P.2d 922.

Also by the provisions of 22 O.S.1951 § 151 there is no limitation for the institution of a prosecution for murder.

■ We should further keep in mind what this court has said with reference to Section 812. We have a number of times held that as there is no hard and fast rule for determining the question as to what is meant by the term "unless good cause to the contrary be shown" it becomes a matter for judicial determination under the facts and circumstances in each particular case. Ex parte Meadows, 71 Okl.Cr. 353, 112 P. 2d 419; Ex parte Leathers, 66 Okl.Cr. 172, 90 P.2d 450; Hembree v. Howell, 90 Okl. Cr. 371, 214 P.2d 458.

Nevertheless, petitioner would be entitled to the writ prayed for if the evidence would bring him within the terms of 22 O.S.1951 § 812, above quoted.

■ We first notice that there are but two terms of district court in Oklahoma, to-wit: January, which commences on the first Monday in January and continues until the day preceding the first Monday in July; the July term which commences on the first Monday in July and continues until the day preceding the first Monday in January. See 20 O.S.1951 § 95; Ex parte Ward, 97 Okl.Cr. 60, 257 P.2d 1099, certiorari denied Ward v. Waters, 74 S.Ct. 133, 346 U.S. 879, 98 L.Ed. 386.

■ We therefore conclude that the defendant is not at this time entitled to a mandatory dismissal of his case as the "next term of court" after the mandate granting defendant a new trial was spread of record in the trial court, has not expired.

■ The contention of delays prior to the first trial are not matters properly to be considered at this time. The granting of a new trial placed the defendant in the same position as if no trial had been had. 22 O.S.1951 § 951. The procedure since the receipt of the mandate from this court is all that may properly be considered at this time in determining whether or not petitioner has been denied a speedy trial.

■ The evidence shows that since our mandate there have been several criminal dockets held in the district court of Tulsa County. Why was not this case set on one of the dockets? Do we have evidence that this petitioner's rights were denied by reason thereof? This question is answered by the evidence showing that the petitioner has been undergoing observation of a specialist as to his sanity. The record shows

that petitioner's then attorney, Frank Hickman, agreed with the county attorney that this examination be conducted. The record further shows that the hospital authorities at Taft, Oklahoma, after a long period of observation, were not able to come to a conclusion. They recommended a specialist and Dr. Ungerman was employed. He has only recently reached a conclusion.

Further, the State's case hinged in good part on the testimony of F.B.I. expert witnesses, who only now could come from Washington, D. C. to testify.

The petition for a writ of habeas corpus and motion to dismiss is denied.