BENJAMIN KOMINSKI, Plaintiff Below, Appellant, v. STATE OF DELAWARE, Defendant Below, Appellee.

*(May* 14, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Morton E. Evans* for appellant.

*Frank O' Donnell, Jr.,* Chief Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 53, 1956.

BRAMHALL, J.:

This appeal relates to the refusal of the Superior Court to order the release of defendant from prison by reason of the failure of the State to try defendant upon the charge of which he was indicted at or prior to the second term after his commitment.

Defendant was arrested in 1956, prior to the opening of the May term of the Superior Court. The case was continued until the September term 1956, at which time it was again continued. The reason for the first continuance is not clear. Counsel for defendant appointed by the court to represent defendant at the

trial, while refusing to stipulate that the first continuance was at his request, stated that this was probably true. The second continuance was ordered at the request of a co-defendant, without objection on the part of defendant. Shortly before the trial was about to begin, without the knowledge of his counsel, defendant filed a petition for a writ of habeas corpus, asking that he be discharged from custody by reason of a statute of this state requiring the release of a prisoner awaiting trial who has not been indicted and tried by the second term following his commitment. The petition was denied and the trial proceeded forthwith. Defendant's conviction and appeal followed.

Counsel for defendant at the trial having been relieved at his request from further representation of defendant, the present counsel was appointed by this Court to proceed with the appeal. We should like here to express to him the appreciation of this Court for the commendable and efficient manner in which he prosecuted this appeal on behalf of defendant.

Defendant's appeal is based upon the refusal of the trial court to grant defendant's petition for a writ of habeas corpus. By agreement of counsel, the proceeding before us is to be treated not only as an appeal from the denial of the discharge on habeas corpus, but also as a proceeding under Rule 35 of the Rules of Criminal Procedure of the Superior Court, *Del. C. Ann.*, relating to the correction or reduction of sentence where fundamental rights of a defendant have been violated.

The basic question before this Court involves the constitutional right of defendant to a speedy trial as required by Article 1, Section 7, of the Constitution of 1897 of this State, *Del. C. Ann.* Was the defendant given a speedy trial? If not, did the defendant waive his right to a speedy trial?

We shall not in this opinion consider the question of whether defendant was afforded a speedy and public trial. In the view which we take of this case, this appeal may be disposed of by determining whether or not defendant has waived his right to a speedy trial.

Implementing the section of the State's constitution before referred to, the Legislature of this State passed a statute, now designated as Title 10 *Del. C.* Section 6910, which provides as follows:

*"Bail or discharge for delay of trial.* If any person is committed for treason or felony and is not indicted and tried at the next term of the court where such crime is cognizable, he shall be set at liberty on bail, unless it appears by affidavit that the witnesses for the State (naming them) could not then be had. *If such prisoner is not indicted and tried at the second term after his commitment, he shall be discharged from prison."*

Rule 48(b) of the Rules of Criminal Procedure of the Superior Court, which was promulgated subsequently to Section 6910, and which also relates to the right of a defendant to a speedy trial, provides as follows:

*"(b) Dismissal by Court.* If no indictment is returned or information filed against a person held to answer in the Superior Court at or before the second term following the day upon which such person was held to answer, he shall be released without any further obligation to furnish bail and any surety theretofore given shall be discharged. If there is unnecessary delay in bringing the defendant to trial, the court may dismiss the information or indictment."

The reason for the continuance of the case at the first term of court is not clear. Counsel representing defendant at the trial admitted, since he had been appointed by the Court only a week before the date set for trial, that he probably requested the continuance. However, he refused to concede that he had done so. The second continuance was granted by the trial court at the request of a co-defendant. No objection was made by or on behalf of defendant to either continuance. The State contends that by reason of the failure of defendant to object to these continuances, he has waived his right to a speedy trial.

█ The rights of citizens arrested and imprisoned for supposed crimes have always been considered of the utmost importance, not only in this country, but among all English speaking people. See *In re Begerow*, 133 *Cal.* 349, 65 *P.* 828, 56 *L. R. A.* 513. In considering constitutional rights we must consider the rights of the public along with those of the individual. A right to a speedy trial is a relative thing. It depends upon circumstances, and, at times, may be consistent with delay. *Beavers v. Haubert*, 198 *U. S.* 77, 25 *S. Ct.* 573, 49 *L. Ed.* 950. It may even be waived by the failure of a person arrested to assert his right at the proper time. *United States v. Sorrentino*, 3 *Cir.*, 175 *F.* 2d 721; *Worthington v. United States*, 7 *Cir.*, 1 *F.* 2d 154, *certiorari* denied 266 *U. S.* 626, 45 *S. Ct.* 125, 69 *L. Ed.* 475. In determining whether or not a defendant has waived his right to a speedy trial, we must consider not only the actions of the State but the actions of the defendant as well. If defendant wishes to take advantage of this right, he must claim it before the court. He cannot sit idly by and without objecting allow the State to continue his case from time to time and then assert that he was deprived of a constitutional right which he has made no effort to claim or to avail himself of.

██ Defendant's sole reason for claiming his right to a discharge is based solely upon the bare fact that the State did not proceed to trial within the term provided by the statute. We think that the defendant was under a duty to take some affirmative action when he became apprised of the fact that his case was to be continued. If he had wanted a speedy trial, he or his counsel should have asked for it. It is reasonable to assume that if such application had been made it would have been granted. *Phillips v. United States*, 8 *Cir.*, 201 *F.* 259. He made no objection to the application of the State for a continuance and never at any time by word or action gave notice of the fact that he was insisting upon a speedy trial. We think that his failure to do this constituted a waiver of that right.

The case of *People ex rel. Ianik v. Daly, Sup.*, 142 *N. Y. S.* 297, is in point. In that case defendant was confined to jail

awaiting trial. The case was continued at the first term and again continued to a date subsequent to the expiration of the term and the jury discharged without trial of defendant. Defendant acquiesced in the postponements and made no demand for an immediate trial. Section 668 of the Code of Criminal Procedure of the State of New York, the pertinent statute, was set forth as follows:

"If a defendant, indicted for a crime whose trial *has not been postponed upon his application,* be not brought to trial at the next term of the court in which the indictment is triable after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown."

The Supreme Court, in refusing defendant's application for discharge from custody, said:

"A man ought not to be kept in jail indefinitely, awaiting trial; but, having due regard for the claims of public justice, as well as the rights of the individual, I am of the opinion that such a one ought not to be summarily discharged, unless it appears that his detention is due to want of preparation on the part of the people to go on with the trial, coupled with resistance to a postponement on his part and a demand of a speedy trial."

The judgment is affirmed.