THE STATE OF MONTANA ex rel. CLARA THOMAS AND
ROBERT G. THOMAS, RELATORS, v. THE DISTRICT COURT
OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE
OF MONTANA, IN AND FOR THE COUNTY OF BIG HORN, AND THE
HONORABLE A. B. MARTIN, PRESIDING JUDGE, RESPOND-
ENTS.

No. 11447.
Submitted February 26, 1968. Decided March 5, 1968.
Rehearing Denied March 25, 1968.
438 P.2d 554.

2

Charles F. Moses (argued), Sandall, Moses & Cavan, Billings, for relators.

Arnold Berger, James Sinclair (argued), Billings, Forrest H. Anderson, Helena, for respondents.

PER CURIAM:

Defendants herein were charged with the crime of murder in the first degree by information filed in the District Court of Big Horn County on June 26, 1963. Each plead "not guilty." Trial by jury was had, and each was found guilty of murder in the second degree on November 22, 1963.

Thereafter new and separate trials of each defendant were ordered by the district judge, this order was appealed to this court, and by this court affirmed on March 16, 1966, with rehearing denied on April 27, 1966.

Thereafter the county attorney of Big Horn County caused the original information under which the defendants were tried to be dismissed, and on July 14, 1966, filed a new information charging both defendants with murder in the first degree. On July 28, defendants demurred to this new information and on September 29 the district court sustained this demurrer. Thereafter the county attorney filed a third information on October 20, 1966, charging both defendants with murder in the second degree. Thereafter arraignment of defendants on this charge was commenced on October 26. At this hearing the district judge stated that previously appointed counsel for defendants would be unable to act as counsel for defendants and that he was taking under advisement defendants' request for appointment of counsel. At this hearing, Clara Thomas stated to the court that the defendants were

being denied a speedy trial. It also appears in the transcript of this hearing, that following the court's order sustaining the demurrer, the county attorney became ill and the court was advised by him that he would not be able to try the case for 90 days.

In the meantime a new county attorney was elected who had previously represented defendants and by reason thereof was disqualified from prosecuting. On February 10, 1967, the county commissioners appointed a special prosecutor. On February 16, 1967, the court advised the defendants that present counsel was appointed as their attorney and set February 22 as the time for arraignment.

We have concluded that the period of time prior to the appointment of counsel and the hiring of the special prosecutor is not germane or material to a determination of the issues presented in the instant matter. The long cumbersome record of the trial with its many diversionary moves on the part of both the defense and the prosecutor reveals also every procedural problem imaginable. To mention a few: the granting of the new trial by the district judge, the appeal of that order, disqualification of judges, forays into Federal Court, changes of counsel, the defendants becoming indigent, successive motions to suppress evidence, demurrers, amended charges, separation of trials and many others. Suffice it to say, that the reason or fault, if you will, in connection with the protracted proceedings is as much chargeable to defendants as to the prosecution. Particularly it appears to this court that rather than prejudice the defendants much of the procedural morass insured to the benefit of the defendants.

On March 7, 1967, the special prosecutor filed a motion for dismissal of the criminal action against defendants. The hearing on this motion for dismissal was set for March 9 at which time the special prosecutor requested the court to withhold its ruling on his motion to give the attorney general an opportunity to intercede. The attorney for the defendants advised

the court he was joining in the special prosecutor's motion to dismiss and that he had no objection to the attorney general's appearance or the continuation of the hearing to March 17.

On March 17, the attorney general filed a motion to withdraw the motion to dismiss that had previously been filed by the special prosecutor and briefs were filed by both parties. On application of the defendants, they were granted until April 20, 1967, in which to file any motions before entry of plea. On April 20, defendants filed two motions:

(1) A motion to dismiss on the ground of the denial of a speedy trial; and

(2) A motion to quash the information on the ground that probable cause had not been shown and leave of court had not been obtained for filing this third information.

At a hearing held on May 19, 1967, the court denied defendants' motion to quash and reserved ruling on defendants' motion to dismiss until after arraignment. Each defendant thereupon entered a plea of "not guilty." During the course of the hearing on this date, defendants presented a motion to suppress all oral and written statements or evidence obtained as a result thereof. On May 26, the court ordered the suppression of all testimony given by Robert Williams at the earlier trial, a written statement by Clara Thomas, and denied the remainder of the motion, reserving however, the right to the defendants of renewing the motion to suppress other testimony given at the former trial.

On May 26, the district judge set the trial for June 19, 1967, and indicated that if the defendants were not brought to trial by June 21, the motion to dismiss would be granted. At some time during this period, the special prosecutor withdrew and the present special prosecutors were appointed by the county commissioners.

On May 29, defendants filed another motion to suppress, asking the suppression of any oral or written statements obtained from either defendant by Helen M. Peterson and sup-

pression of any testimony given at the former trial. On July 7, 1967, this court reviewed the order of suppression entered by the trial court and set aside that part of the order suppressing the written statement of Clara Thomas.

On June 14, 1967, the defendants' second and third motions for suppression came on for hearing. At this hearing the defendant Robert Thomas, without prior notice to the special prosecutor, presented a motion to dismiss based on grounds of: (1) double jeopardy; (2) denial of speedy trial; and (3) denial of due process of law. Counsel for the state waived any objection to lack of notice and consented that the court could take the motion under consideration but asked that he be given an opportunity to present a memorandum. At the conclusion of the testimony taken at this hearing the court inquired if it would be possible under the then existing circumstances to go to trial on June 19. With reference to this inquiry the following statements were made by counsel and court:

"THE COURT: Well under those circumstances I will ask counsel for both parties whether it is possible to proceed with this trial on the date which has been fixed for June 19th?

"MR. BERGER: In my judgment, Your Honor, it would be impossible to proceed on that date and I will stipulate to a vacation of that Order Fixing Trial, and agree to a continuance up until the time that these matters can be determined in a sensible and logical fashion or I will agree that it is, in the event that Mr. Moses is not in a position to stipulate.

"MR. MOSES: I cannot stipulate on behalf of the defendants to any such statement that Mr. Berger has made. I can advise the Court that it is certainly my view and certainly the view of the defendants that in view of the Motions that have been filed in this case, which are now subject to this hearing, and in view of the objections raised by counsel for the prosecution, and in view of the statements declared lightly but very seriously in open court, that regardless of the Court's ruling here that there will be an effort to initiate proceedings in the

Supreme Court of the State of Montana, I think I am prepared to state that it would be impossible to go to trial on Monday, June 19, 1967, in view of the current state of the Record it would be illogical and these matters which are now confronting the Court should be determined first, and I agree that, and I will agree, Judge, that counsel should have a reasonable opportunity to determine what his legal position is on all these issues that have now been raised at this particular hearing, and further that subsequent proceedings before the Supreme Court may be instituted by either party, so I can state to the Court that it will not be possible to go to trial on June 19, 1967.

"THE COURT: In view of the statements made by counsel for the State and the defendants, it appears that the Court must and it does hereby vacate the setting of the separate trials of Clara Thomas and Robert G. Thomas heretofore made for the 19th day of June 1967. It is ordered that the jury summoned to attend on that date be excused, and that the separate trials of the defendants shall be reset after the District Court has ruled upon the Motions presented on this date, and after the rulings of the District Court thereon have been reviewed by the Supreme Court at least and that thereafter the cases will be set down for trial upon the demand of either of the defendants or of the State. Then in the meantime I will allow, you said you wanted two weeks for briefs."

On July 28, 1967, the district court ruled upon the motions of the defendants to suppress which had been filed on May 29, as follows:

(1) The motion of Clara Thomas to suppress oral statements given to the sheriff and county attorney was granted;

(2) The motion of both defendants to suppress oral statements given to Helen M. Peterson was denied; and

(3) Robert Thomas's motion to dismiss was denied.

On August 7, 1967, Robert Thomas filed a motion asking the district court to set a date for his trial.

The prosecutor asked this court to review the order of suppression of oral statements of Clara Thomas to the sheriff and county attorney entered by the district court on July 28. This was argued on September 7, and the order suppressing these oral statements was set aside by this court on September 28. It is to be noted that Robert Thomas did not seek review by this court of the district court's order of July 28 denying his motions to suppress and to dismiss.

On December 18, 1967, the district judge set trial for January 22, 1968.

On December 27, 1967, defendants filed motions to dismiss, each on their own behalf, on the grounds that each had been denied the right of a speedy trial guaranteed by Article III, Section 16, of the Constitution of the State of Montana and the Sixth Amendment of the Constitution of the United States. These motions were denied by the district court on January 23, 1968.

On February 15, 1968, defendants applied ex parte for review by this court of the district court's denial of these motions, and Order to Show Cause was issued by this court and the hearing held before this court on February 26.

The question before this court for decision is whether the defendants, or either of them, have been denied a speedy trial within the meaning of State and Federal Constitutional provisions and as a result thereof are entitled to a dismissal of the charges against them.

As we view the issue presented, nothing that occurred prior to appointment of present defense counsel and special prosecutors is material to that issue for the reasons heretofore stated. These matters were completed on February 16, 1967.

The record discloses the following periods of time since that date in which Clara Thomas neither caused nor contributed to any delay in her trial: February 16 to March 9, 1967 (21 days); May 26 to May 29, 1967 (3 days); and September 28 to December 27, 1967 (90 days). Thus, a total of 114 days for

which she was in no way responsible had been consumed in bringing Clara Thomas to trial at the time she made her motion for dismissal of the charges against her on the ground that she had been denied a speedy trial.

As to Robert G. Thomas, the record shows the following periods of time to have elapsed during which he neither caused nor contributed to any delay in his trial: February 16 to March 9, 1967 (21 days); May 26 to May 29, 1967 (3 days); and August 7 to December 27, 1967 (142 days). Thus, a total of 166 days for which he was in no way responsible had been consumed in bringing him to trial at the time he made his motion for dismissal.

Additionally it is to be noted that Robert G. Thomas, unlike Clara Thomas, filed a written motion asking that a trial date be set for his trial. Clara Thomas has never done so. It should also be noticed that on two occasions a trial date has been set and on each of such occasions the defendants have thereupon filed additional motions and taken such action in connection therewith as to render it impossible for the trials to be held on the dates fixed.

■■ The Constitution of the State of Montana provides, as far as relevant to the issue in the instant case, as follows: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial." (Art. III, Sec. 16). Section 94-9501, R.C.M.1947, provides, in pertinent part: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * *

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after * * * filing of the information." Statutes such as section 94-9501 were enacted for the purpose of enforcing the constitutional right to a speedy trial and constitute a legislative construction or definition of such constitutional right. (State v. McGowan, 113 Mont. 591, 131 P.2d 262; also see generally 22A C.J.S. Criminal Law § 467, p. 19; 21 Am.Jur.2d. Criminal

Law, § 247, p. 282; 129 A.L.R. 573). Although compliance with such statutory provision does not per se constitute compliance with constitutional requirements (State v. McGowan, supra), statutory compliance may properly be considered as a circumstance in determining whether the constitutional right of a speedy trial has been violated. In doing so, we note that six months has not elapsed in the case of either defendant, exclusive of delays caused or contributed to by their own actions.

■ ■ Additionally, we are of the opinion that good cause has been shown for the delay in the trials of each defendant, and that each has impliedly consented to the delay. But for the action of the defendants in (1) filing additional motions for suppression of evidence on May 29, (2) the filing by Robert G. Thomas of a written motion for dismissal without prior notice on June 14, and (3) their attorney's statements at the hearing on June 14 that regardless of the rulings of the district court review would be sought in this court, and that it would not be possible to go to trial on the date set, trial would have been held on June 19. Neither Federal nor State Constitutional guarantees of a speedy trial are violated where either good cause has been shown for the delay in trial or where the defendant waives or consents to the delay, either expressly or impliedly. (See State ex rel. Borberg v. District Court, 125 Mont. 481, 240 P.2d 854; State v. Turlok, 76 Mont. 549, 248 P. 169; 129 A.L.R. 575-579 and 582-586; 57 A.L.R.2d 308-309, 314-318, and 321-325.)

■ ■ The United States Constitution contains a similar guarantee of a speedy trial to a person accused of crime (6th Amendment, U. S. Constitution.) This Federal Constitutional guarantee is applicable to state court criminal proceedings under the "due process" clause of the 14th Amendment to the U. S. Constitution. Klopfer v. State of North Carolina, 386 U. S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. Federal criteria applied to determine whether a defendant in a criminal proceeding

has been denied a speedy trial within the ambit of United States Constitutional guarantees are these: (1) length of delay, (2) reason for delay, (3) waiver of right to a speedy trial by defendant, and (4) prejudice to defendant from the delay. (United States v. Simmons, 2 Cir., 338 F.2d 804, cert. denied 380 U. S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276.) Applying these criteria to the instant case, we do not believe that either defendant has been denied a speedy trial under the United States Constitution.

We do not intend by this opinion to criticize the actions of counsel for either the prosecution or the defendants. This has been a hard fought case and counsel should be complimented for their efforts herein, but delays in trial occasioned thereby are not chargeable solely to the prosecution.

Nothing contained herein is to be construed as authority for any further delay in the trial of either of these defendants. Trial should be held forthwith without further delay.

The defendants' application for dismissal of the charges against them and supervisory control or other appropriate writ to that end is denied.