THE STATE OF OHIO, APPELLANT, *v.* CROSS, APPELLEE.

[Cite as State v. Cross (1971), 26 Ohio St. 2d 270.]

(No. 70-413—Decided June 23, 1971.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Harvey R. Monck,* for appellant.

*Mr. Edward R. Brown,* and *Mr. William S. Cooper,* for appellee.

HERBERT, J.   Section 10 of Article I of the Constitution of the state of Ohio provides, in pertinent part:

"* * * In any trial, in any court, the party accused shall * * * have * * * a speedy public trial * * *."

The provisions of R. C. 2945.71 to 2945.73 implement that constitutional guarantee[1] and R. C. 2945.71 provides:

---

[1] The great weight of authority, including our prior decisions, adopts the "implementation theory" with regard to statutes of this type. See, *e. g., Kominski* v. *State* (1958), 51 Del. 163, 141 A. 2d 138; *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *State* v. *Hess* (1956), 180 Kan. 472, 304 P. 2d 474; *State* v. *Wilson* (1967), 198 Kan. 532, 426 P. 2d 288; *Heard* v. *Clark* (1930), 156 Miss. 355, 126 So. 43; *State, ex rel. Thomas,* v. *District Court* (1968), 151 Mont. 1, 438 P. 2d 554; *State* v. *Webb* (1911), 155 N. C. 426, 70 S. E. 1064; *State* v. *Dinger* (1924), 51 N. D. 98, 199 N. W. 196; *State* v. *Cunningham* (1960), 171 Ohio St. 54, 56, 167 N. E. 2d 897; *State* v. *Gray* (1964), 1 Ohio St. 2d 21, 203 N. E. 2d 319; *Brummitt* v. *Higgins* (1945), 80 Okla. Crim. 183, 157 P. 2d 922; *Application of Hayes* (Okla. Crim. 1956), 301 P. 2d 701;

"No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, *if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. He shall be discharged unless a continuance is had on his motion or the delay is caused by his act.*" (Emphasis added.)

R. C. 2945.73 provides:

"When application is made for the discharge of a person under Section 2945.71 * * * of the Revised Code, if the court is satisfied that there is material evidence for the state which cannot be had, that reasonable effort has been made to procure it, and that there is just ground to believe that such evidence can be had at the next term, the cause may be continued and the prisoner remanded or admitted to bail. If he is not brought to trial at the next term thereafter, he shall then be discharged. The discharge of the accused under this section or Section 2945.71 * * * of the Revised Code is a bar to further prosecution for the same offense."

The state makes no claim that the provisions of R. C. 2945.73, relative to a continuance, have any pertinence to the facts of this case.

---

*Flanary* v. *Commonwealth* (1945), 184 Va. 204, 35 S. E. 2d 135. The writer is not convinced that such a conclusion is mandated, especially in view of the colloquy it apparently engenders in the area of waiver. Posing, but not imposing, an alternative view, the wording of the cited statutes could support a conclusion that they were intended to operate in the nature of a statute of limitations, ultimate in effect, but waivable if not asserted prior to the commencement of trial. This would constitute an unrelated but parallel protection of the modern constitutional right to a speedy trial, which, in the ordinary case, clearly and almost universally requires an ignored demand for trial to imbue it with practical efficacy. The argument can also be made that in the early years, the "speedy public trial" language of our Ohio Constitution was felt related to the actual conduct of the proceedings and did not extend to delays between arrest, indictment and commencement of trial. If such was the case, these sections of our Code played an imperative role during that period in our development of a system of criminal justice.

The ultimate question to be determined in this appeal is whether, to be entitled to discharge under those sections, an accused must make formal written demand for trial at a time when his case could still be called for trial during the second term following the term in which he was indicted. We are here concerned only with the case of an accused who was continuously detained in jail without trial for a period longer than two terms of court following the term in which his indictment was presented, and who was so detained solely by reason of such indictment.

In granting appellee's application for discharge, the Court of Common Pleas relied upon our decision in *State* v. *Gray* (1964), 1 Ohio St. 2d 21, 203 N. E. 2d 319. Paragraph two of the syllabus of that case reads:

"Where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail solely because of that indictment and without any trial thereon for a continuous period of more than two terms of court after the term in which that indictment was presented, where such accused filed an application in the latter of such terms, and also in the succeeding term, to be discharged because of such detention, where no continuance of the cause was had on such accused's motion and no delay was caused by any act of such accused, and where the state does not contend that it had used any reasonable effort to procure or been unable to obtain material evidence for the state in time for trial within such two terms after the term in which such indictment was presented, such accused is entitled to discharge from any further prosecution under such indictment. * * *"

Before discussing the question of whether it is incumbent upon an accused, who may otherwise be entitled to a discharge under R. C. 2945.71 and 2945.73, to make a written demand for trial within the prescribed two-term period, it should be noted that the state contends that the trial court's reliance upon the case of *State* v. *Gray, supra* (1 Ohio St. 2d 21), was misplaced. It is argued that in *Gray* the accused did not cause any delay in bringing his case to trial, whereas the instant appellee did cause such

delay. If this be so, R. C. 2945.71 clearly would require our reversal of this cause. However, the question of whether an accused caused the delay mentioned in that section is one of fact for determination by the trial court and, in the case at bar, that court has absolved the appellee of any responsibility for the delays which ensued below. An examination of the record discloses sufficient evidence to support the trial court's conclusion in that regard.

In *State* v. *Gray, supra,* the accused, in addition to filing an application for discharge *after* the expiration of two terms of court, also took an affirmative step *during* the two-term period by filing an application for discharge under R. C. 2945.71. In the case at bar, the accused did not file his application for discharge until the expiration of the time period prescribed in R. C. 2945.71. The issue thus becomes whether an accused is entitled to discharge where the provisions of R. C. 2945.71 have been met, but where an accused has not filed an application for discharge prior to the expiration of the time limit prescribed therein.

We think it clear that nothing in the language of either R. C. 2945.71 or 2945.73 mandates the filing of an application for discharge thereunder during the second term after the term in which the indictment was presented. (Compare the concurring opinion of Taft, C. J., in *State* v. *Gray, supra,* at 27-28.)

The state also argues that appellee should not have been discharged because he failed to protect his right thereto by making a formal demand for trial upon his indictment at a time when his case could still be brought to trial within the time limit prescribed by R. C. 2945.71. We find no statutory enactment requiring any such action by appellee.

We recognize that under R. C. 2945.73, a discharge operates as a bar to any further prosecution of the accused on the same charge, irrespective of his guilt or innocence. The General Assembly has thus fashioned a severe sanction to be visited upon the state for the failure to bring an accused to trial within the prescribed time period. Additionally, that legislative body has chosen to implement the

constitutional guarantee to a speedy trial by placing the burden squarely upon the state to bring an accused to trial within the prescribed time limits. As stated in paragraph one of the syllabus in *State* v. *Gray, supra*:

"Sections 2945.71 to 2945.73, inclusive, Revised Code, which prescribe the period of time a person may be detained in jail or held by recognizance without trial after an indictment or information has been returned, are valid legislative enactments, the *provisions of which are mandatory and must be strictly complied with by the state.*" (Emphasis added.)

It is not our purpose here to depart from the accepted premise that ordinarily the constitutionally announced right to a speedy trial is not denied unless a demand for trial has remained unsatisfied for an unreasonable period. Cf. *State* v. *Meeker* (1971), 26 Ohio St. 2d 9.[2] Furthermore,

---

[2]A review of textual authorities indicates that the majority of states adhere to the demand rule, that an accused who asserts the denial of a constitutional right to a speedy trial (now universally extant in the states, under the respective state constitutional provisions or under the Sixth and Fourteenth Amendments to the United States Constitution by virtue of *Klopfer* v. *North Carolina* [1967], 386 U. S. 213, 18 L. Ed. 2d 1) is not entitled to a discharge for delay of trial unless it appears that he resisted postponement, demanded a trial, or made some effort to procure a speedier trial than the state accorded him. Annotation, 57 A. L. R. 2d 302, at 326-334; 22A Corpus Juris Secundum 36-41, Criminal Law, Section 469.

It is significant, however, that few of those decisions cited as supportive of the demand rule involved the question of whether demand is required of an accused who wishes to assert a *statutory* discharge for not having been tried within the statutorily specified time limit.

In some cases, there was no applicable legislative enactment analogous to R. C. 2945.71 to 2945.73, requiring the discharge of an accused who is detained in jail or held by recognizance without trial for a specified time limit. *E. g., State* v. *Orsini* (1967), 155 Conn. 367, 232 A. 2d 907; *State* v. *Wong* (1964), 47 Hawaii 361, 389 P. 2d 439; *State, ex rel. McGregor,* v. *Rigg* (1961), 260 Minn. 141, 109 N. W. 2d 310; *Commonwealth, ex rel. DeMoss,* v. *Cavell* (1967), 423 Pa. 597, 225 A. 2d 673; *State* v. *Violett* (1961), 79 S. D. 292, 111 N. W. 2d 598.

Other cases cited in support of the "demand rule" involved situations where a statute requiring discharge for failure to bring an accused to trial within the specified time period was held inapplicable

we do not quarrel with the applicable paragraphs of the syllabi in *State* v. *Cunningham* (1960), 171 Ohio St. 54, 167 N. E. 2d 897; *Erwin* v. *State* (1876), 29 Ohio St. 186; and *Johnson* v. *State* (1884), 42 Ohio St. 207, limited as they are to their own facts, except with regard to the approval of the third paragraph of the syllabus in *Ex Parte McGehan*, 22 Ohio St. 442, *infra*. Each of such cases is factually distinguishable from the instant cause. We do conclude, however, that R. C. 2945.71 and 2945.73 provide an independent statutory proceeding, limited and controlled by their own terms, but unencumberable by a judicially legislated condition precedent.

---

because the statutory time period had not expired as of the trial date. *State, ex rel. Thomas,* v. *District Court, supra* (151 Mont. 1); *State* v. *Green* (1967), 70 Wash. 2d 955, 425 P. 2d 913.

Some cases so cited concerned an accused who was, at the time of his indictment, already serving a prison sentence on another charge. While these cases hew to the demand rule, there is language in the opinions suggesting that a distinction exists between the plight of an accused who is detained in jail solely under indictment, and a convict for whom discharge for denial of a speedy trial would not necessarily terminate imprisonment. *E. g., Ex Parte State, ex rel. Atty. Genl.* (1951), 255 Ala. 443, 52 So. 2d 158; *State* v. *Keefe* (1908), 17 Wyo. 227, 98 P. 122.

Perhaps the largest category of cases cited in support of the demand rule involves situations, not present in the instant case, where the accused caused the delay of his case by his own affirmative act, or where the accused directly or impliedly acquiesced in a continuance sought by the state. *E. g., Williams* v. *State* (1946), 210 Ark. 402, 196 S. W. 2d 489; *Kominski* v. *State* (1958), 51 Del. 163, 141 A. 2d 138; *People* v. *Sweeney* (1951), 409 Ill. 223, 99 N. E. 2d 143 (plea of guilty waives right to discharge); *State* v. *McTague* (1927), 173 Minn. 153, 216 N. W. 787; *State* v. *Gau* (1967), 182 Neb. 114, 153 N. W. 2d 298; *Peoples* v. *State* (1967), 83 Nev. 115, 423 P. 2d 883; *Raburn* v. *Nash* (1967), 78 N. M. 385, 431 P. 2d 874.

*But see McCandless* v. *District Court* (1953), 245 Iowa 599, 61 N. W. 2d 674, which holds that the statutory provisions, providing for dismissal of an indictment of an accused who is not tried within the time specified, become effective only if demand for trial has been made by the accused to the court.

Other jurisdictions, whose statutes pertaining to the discharge of an accused under indictment detained either in jail or on recognizance for a specified time limit resemble R. C. 2945.71 to 2945.73, hold

The law announced in the second paragraph of the syllabus in *State* v. *Gray, supra* (1 Ohio St. 2d 21), requires but a minimal alteration to comport with the facts of this case and the result reached herein. Thus, where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail solely because of that indictment and without any trial thereon for a continuous period of more than two terms of court after the term in which the indictment was presented, where such accused filed an application following the latter of such terms to be discharged because of such detention, where no continuance of the cause was had on such accused's motion and no delay was caused by any act of such accused, and where the state does not contend that it had used any reasonable effort to procure or been unable to obtain material evidence for the state in time for trial within such two terms after the term in which such indictment was presented, such accused is entitled to discharge from any further prosecution under such indictment. Furthermore, the mandatory duty of the state to try an accused within the

that an accused, who otherwise falls within the terms of the statute asserted, is not required to make any demand for trial at a time when his case could still be brought to trial within the time limit, and that such accused need take no affirmative action other than the filing of a timely application for discharge or a motion to dismiss. *State* v. *Carrillo* (1932), 41 Ariz. 170, 16 P. 2d 965; *Hicks* v. *People* (1961), 148 Colo. 26, 364 P. 2d 877; *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *State* v. *Hess* (1956), 180 Kan. 472, 304 P. 2d 474; *People* v. *Prosser* (1955), 309 N. Y. 353, 130 N. E. 2d 891; *Brummitt* v. *Higgins* (1945), 80 Okla. Crim. 183, 157 P. 2d 922 (rejects demand rule only for defendants detained in jail under indictment or information, but accepts demand rule for accused admitted to bail); *Application of Hayes* (Okla. Crim. 1956), 301 P. 2d 701; *State* v. *Crosby* (1959), 217 Ore. 393, 342 P. 2d 831; *Flanary* v. *Commonwealth* (1945), 184 Va. 204, 35 S. E. 2d 135. *Cf. Glasgow* v. *State* (Alaska 1970), 469 P. 2d 682, *overruling State* v. *Goss* (Alaska 1964), 390 P. 2d 220, holding (in a state which has no controlling statute) that a waiver of fundamental constitutional rights is not to be inferred from mere silence unless that silence is for some tactical purpose and, therefore, mere inaction in asserting a right to speedy trial does not result in that right being waived.

times prescribed in R. C. 2945.71 and 2945.73 is not obviated by the accused's failure to demand a trial. The questions of whether such sections are self-executing (*cf. State, ex rel. Haynes, v. Powers* [1969], 20 Ohio St. 2d 46, 48, 254 N. E. 2d 19) and whether their operation may be waived by proceeding to trial without raising their applicability are not before us.

The state's final contention is that, even if the appellee was otherwise entitled to a discharge under R. C. 2945.71 and 2945.73, the Court of Common Pleas should have denied his application because the state was at all times ready for trial. In support of this contention, reliance is placed upon paragraph three of the syllabus in *Ex Parte McGehan* (1872), 22 Ohio St. 442, which reads:

"To entitle a prisoner to such discharge, on the ground that he has not been brought to trial during the time limited by sections 161 or 162 [now R.C. 2945.71 and 2945.72], he must make application to the court therefor, and if when he makes such application, whether during the time so limited, or at a subsequent term of the court, *the state is ready to proceed with the trial, or* makes the showing specified in section 163 [now R. C. 2945.73] for a continuance, he will not be entitled to be discharged." (Emphasis added.)

As we have stated above, the provisions of R. C. 2945.-71 and 2945.73 are couched in mandatory terms. At no place therein is any provision made with reference to the state being "ready to proceed with the trial." Where an accused files an application for discharge pursuant to R. C. 2945.71, the sole fact that the state may be then ready to proceed to trial does not affect the accused's right to a discharge. Insofar as paragraph three of the syllabus in *Ex Parte McGehan, supra,* is inconsistent herewith, it is overruled.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., DUNCAN and LEACH, JJ., concur.
SCHNEIDER, CORRIGAN and STERN, JJ., dissent.

CORRIGAN, J., dissenting. The conclusion of the court is one I am not able to accept and I dissent from it for reasons which are perfectly evident to me.

The discharge of the defendant, indicted for possession of cocaine, under the provisions of R. C. 2945.71 and 2945.73, is in effect an acquittal of this serious offense, and the order granting it is a final judgment in the cause and puts an end to all proceedings therein.

The public, as well as an indicted citizen, has a deep interest in the disposition of criminal cases. "Justice, though due to the accused, is due to the accuser also." *Snyder* v. *Massachusetts* (1934), 291 U. S. 97. It is my view that the discharge of this defendant under the facts before us is improper and illegal and should be reversed.

The following is the chronology of the proceedings, as reflected by the transcript:

February 29, 1968. Defendant indicted for possession of narcotics (R. C. 3719.09).

March 4, 1968. Defendant arraigned and pleaded not guilty. Bond was set at $2500.

March 14, 1968. Defendant had a pre-trial before Talty, J.

June 10, 1968. Defendant's motion to suppress evidence was filed and, the next day, was referred to the trial judge for ruling.

August 20, 1968. Writ of habeas corpus filed on defendant's behalf by his attorney, Finley B. Nix.

August 30, 1968. Application for writ of habeas corpus denied by Jaffe, J.

September 11, 1968. Motion requesting the privilege of examining the narcotics (cocaine) alleged to have been in the possession of Archie Cross, the defendant, filed by attorney William S. Cooper, whose name appears in the record before us for the first time.

September 11, 1968. Motion to examine state's evidence, to wit, narcotics, referred to trial judge, A. Pryatel, P. J.

September 11, 1968. Motion for an order requiring the prosecuting attorney to furnish bill of particulars in ac-

cordance with R. C. 2941.07 filed on behalf of defendant by attorney William S. Cooper.

September 11, 1968. Defendant's motion for a bill of particulars granted. A. Pryatel, Judge.

February 7, 1969. Motion requesting the dismissal and discharge of the indictment against the defendant was filed by attorney William S. Cooper.

February 13, 1969. Motion requesting dismissal and discharge of indictment against defendant referred to trial court. Case being assigned to room for trial. Friedman, P. J.

Those entries detail the various steps of record taken before the cause was sent to the courtroom for trial on February 25, 1969.

At the outset of the proceedings on the latter date, the trial court noted that it had the three pending motions before it and asked defendant's counsel if there was any particular order in which they would like to have these motions approached. Attorney Cooper expressed a preference to have the motion for dismissal and discharge of the indictment against the defendant determined first. This was the last of the three filed chronologically. The court proceeded in accordance with this preference.

Attorney Cooper put co-counsel Finley Nix on the witness stand first. Mr. Nix testified that he filed the habeas corpus writ, and that it was heard on the Friday prior to Labor Day, 1968; that Judge Jaffe denied the writ and requested the assignment commissioner to set the case down for hearing at "the earliest possible time in the next term of court." It is to be noted that no such instruction is included in Judge Jaffe's entry of August 30, 1968, denying the writ.

The September term of court commenced the day after Labor Day, 1968. This would be the second term after the defendant, Cross, was indicted and during which period he was incarcerated.

Mr. Nix testified that he went to the assignment commissioner and asked him to set the case down; that it was

not set down. He asked the assignment commissioner to do this on five occasions, but did not specify dates. However, it is to be remembered that attorney Cooper appeared in the case with the filing of the two motions on September 11, 1968. The September term of court began on Tuesday, September 3, 1968, so Mr. Nix apparently made his five requests in the following eight days. Mr. Nix testified further that he had made no written request for trial, and that he had made no motion to dismiss the indictment in 1968; that the habeas corpus action he filed for defendant related to the fact that defendant was also being held as a parole violator; that he did not file any written request for trial in the January 1969 term because ''at that time he was not acting alone.''

We must now consider some pertinent facts elicited from the assignment commissioner, Henry G. Primosch, at the hearing on defendant's motion for discharge.

Mr. Primosch testified that attorney Cooper became attorney of record for Cross on September 10, 1968; that he had conversations with Mr. Cooper regarding the time within which the case would be set for trial; that he put the case on the trial list on October 4, 1968; that on October 9, 1968, he had Mr. Cooper listed as being engaged in the civil branch of the court; that in December 1968 he had Mr. Cooper listed as being ill in the hospital; that he received a letter from Mr. Cooper to that effect; that there was never any request by the prosecutor to continue the trial; that he did not remember any conversations with Mr. Nix; that he did call Mr. Cooper's office in December and was told that Mr. Cooper was not available; and that there are about 900 criminal cases pending trial.

The court stated, in ruling on the motion for discharge:

''The motion requesting dismissal and discharge of the indictment against the defendant is reluctantly granted.

''I say reluctantly, because, Mr. Cross, the law you have been violating all of your life is here now to protect you. From what I see of your track record, as we call

it around here, you have been lying and cheating and stealing all of your life. But that isn't the question before us this afternoon.

"Mr. Angelas [the assistant prosecutor], I do feel that this statute is self-operating; mandatory. It does impose a statute of limitations on the prosecutor, or on the assignment commissioner. * * *
"* * *

"The statute says, shall be discharged unless a continuance is had on his motion or the delay is caused by his act.

"I think you will find that under *State* v. *Gray*, in 1 Ohio State 2d, page 21, which is a 1964 case, that this is a mandatory statute.
"* * *

"The defendant's motion is granted. The defendant is discharged from custody, at least as relates to this case. I don't know if there is anything else."

To recapitulate briefly, the state was at all times ready to try this case; the state never asked for a continuance; counsel for defendant at no time requested in writing an immediate trial; counsel for defendant was engaged in the civil branch when the matter was placed on the trial list in October 1968; and counsel for defendant was admittedly in the hospital in December 1968.

The defendant is not entitled to be discharged under these facts on the basis of our ruling in *State* v. *Gray* (1964), 1 Ohio St. 2d 21, upon which the trial court relied. First of all, *Gray* applies to the facts in that case. In the opinion of this court in *Gray*, it is stated, at page 25:

"During the argument of this cause to this court, counsel for the state gave, as the only excuse for a delay of approximately ten months in setting this cause for trial, that a courtroom was not available. It was conceded that there were ten rooms available for the trial of causes in the courthouse of Hamilton County. Civil cases were continuously being tried during the period of time the accused was in jail waiting for trial, and it appears further that persons indicted subsequent to the return of the

indictment of the accused, were also tried and/or their cases were otherwise disposed of.

"* * *

"We do not believe that the excuse offered is sufficient ground upon which to refuse to discharge the appellant within the provisions of the statutes made and provided. For approximately ten months the appellant was in jail while civil cases were being disposed of and subsequently indicted persons were brought to trial or their causes otherwise disposed of."

Secondly, in paragraph two of the syllabus in *Gray* it is clearly set out as one condition before discharge under R. C. 2945.71 and R. C. 2945.73 that "no delay was caused by any act of such accused * * *." Attorney Cooper entered this case as the trial attorney. He conducted the hearing on defendant's motion for discharge. He did not take the stand himself and deny that he was engaged in the civil branch of common pleas court in October 1968, when this cause was placed on the criminal trial list. Nor did he dispute that he was unavailable to try the case in December 1968, when the assignment commissioner called his office, and that he was in the hospital at the time.

Those statutes (R. C. 2945.71 and 2945.73) have been in our state code of laws in substantially the same form since 1869 (66 Ohio Laws 287, 311). They were interpreted first in *Ex parte McGehan* (1872), 22 Ohio St. 442, and this time honored interpretation has stood the test of further judicial review for one year less than a century. Paragraph three of the syllabus of *McGehan* reads:

"To entitle a prisoner to such discharge, on the ground that he has not been brought to trial during the time limited by Sections 161 [R. C. 2945.71] or 162 [R. C. 2945.-72], he must make application to the court therefor, and if when he makes such application, whether during the time so limited, or at a subsequent term of court, the *state is ready to proceed with the trial*, or makes the showing specified in Section 163 for a continuance, he will not be entitled to be discharged." (Emphasis added.)

That paragraph of the *McGehan* syllabus was approved

and followed in paragraph one of the syllabus in *State* v. *Cunningham* (1960), 171 Ohio St. 54. *Cunningham* also stands for the principle enunciated in paragraph two of the syllabus thereof:

"Where a criminal cause is continued without disclosing the ground for such continuance, it will be presumed that the continuance was upon sufficient ground, in the absence of anything in the record to the contrary, notwithstanding the provisions of Sections 2945.72 and 2945.73, Revised Code. Paragraph one of the syllabus of *Johnson* v. *State*, 42 Ohio St. 207, approved and followed.)"

To discharge this defendant from the indictment herein, for reasons as tenuous as those asserted, is erroneous under the applicable law, and is hardly fair to the citizens of this state who have a stake in the enforcement of a law enacted for the common good covering the possession by an individual of cocaine.

SCHNEIDER and STERN, JJ., concur in the foregoing dissenting opinion.