THE STATE OF OHIO *v.* SELLS.

[Cite as State v. Sells (1974), 41 Ohio Misc. 49.]

(No. 2136—Decided June 12, 1974·)

Montgomery County Court, Third District.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Charles F. Geidner,* for plaintiff.
*Mr. William F. Schenck,* for defendant.

MacMILLAN, J. This matter came on for consideration upon the motion of the defendant for discharge pursuant to R. C. 2945.71 and 2945.73, and it appearing to the court that the motion is well taken, the same is sustained. The defendant is discharged and further criminal proceedings are barred as to this defendant's conduct at the time and place specified in the traffic citation.

It may have been assumed by many that violations of our traffic laws are governed by the Uniform Traffic Rules and cases of reckless operation of motor vehicles are not within the purview of R. C. 2945.71 thru 2945.73. Considering the numerous cases of motor vehicle traffic violations, it is an onerous duty to schedule and impose upon already scheduled trial days the trial of cases classified as minor misdemeanors. According to R. C. 2945.71(A), if a police officer stops a driver for a stop sign violation, a speeding violation or other traffic violation included in R. C. 4511.99 (D) and cites him to appear in court eight

days later, then, upon a not guilty plea, the prosecutor must interrupt the established schedule and prepare to try the case within seven days. The case now before the court is one of reckless operation, a violation in R. C. 4511.20. The penalty is governed by R. C. 4511.99(D). The trial of a reckless operation charge must be held within 15 days of the offense.

Beginning January 1, 1974, R. C. 2945.71 determined the time limits within which a person must be brought to trial. This statute is more than a *procedural* one. It confers a *right* to a person to be brought to trial within a prescribed time or the action against him must be dismissed. Such a statute involves a substantial right and therefore this statute is not in conflict with the Uniform Traffic Rules that are concerned with *procedure* only.

If the trial of a defendant is delayed for any reason not included within R. C. 2945.72, then, upon motion made at or prior to commencement of trial, the defendant must be discharged, R. C. 2945.73(B), and the discharge will bar any further criminal proceedings concerning the particular conduct, R. C. 2945.73 (D).

R. C. 2945.71 (B) refers to misdemeanors of the several degrees or other misdemeanors for which there is a prescribed penalty. R. C. 4511.99 (F) was amended effective January 1, 1974, to classify traffic offenses by degree rather than money fine and sentence as in the old section. By such amendment the penalty of R. C. 4511.99 (D) now coincides with the language of R. C. 2945.71. Therefore, the defendant who was issued a traffic citation for reckless operation of a motor vehicle on February 27, 1974, and whose trial was set for May 14, 1974, must be discharged. This is true even though the arraignment date was on March 19, 1974, 20 days after citation as determined by the arresting or citing officer, and even though the time limitation was not mentioned at the scheduled pre-trial conference on April 23, 1974. The defendant took no action which delayed the proceedings.

*State* v. *Cross* (1971), 26 Ohio St. 2d 270, at page 274, states:

"We think it clear that nothing in the language of either R. C. 2945.71 or 2945.73 mandates the filing of an application for discharge thereunder during the second term after the term in which the indictment was presented * * *," and at page 275, further states that " '* * * the *provisions of* * * * [2945.71 to 2945.73] *are mandatory and must be strictly complied with by the state.* * * *' "

Even though the Ohio Supreme Court was interpreting the former statutes and was considering a felony, the reasoning is applicable to the present statutes. A defendant is not required to request a trial within proper time. He may remain mute until after the prescribed trial time has elapsed and then call this to the attention of the court. It is the prosecutor's duty to bring matters before the court within the time required by statute.

The Uniform Traffic Rules do not contain a provision or direction as to the *time* of trials. There is no conflict between the Uniform Traffic Rules and the Criminal *Code*. It is true that the Criminal *Rules* do *not* apply to procedure "in cases covered by the Uniform Traffic Rules." Crim. R. 1 (C). However, we are not interpreting the Criminal *Rules*; it is the Criminal *Code* (R. C. 2945.71) that specifies trial times and the *rules* of *procedure* are not applicable.

Since many defendants and defendants' counsel will want more than 15 days to prepare for trial, it may be expected that many written waivers of the time will be sought by all involved. Such a written waiver will comply with R. C. 2945.72(H) and the extreme effects of R. C. 2945.71 will be averted.

*Motion for discharge sustained.*