[Cite as *State v. McCarren*, 2011-Ohio-4805.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110074 |
| | | TRIAL NO. C-10TRD-58677 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| THOMAS McCARREN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: September 23, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Thomas M. McCarren,* pro se.

Please note: This case has been removed from the accelerated calendar.

**PER CURIAM.**

{¶1} Thomas McCarren appeals his conviction for a violation of R.C. 4511.56. Because we conclude that the trial court erred when it denied McCarren's motion to dismiss for lack of a speedy trial, we reverse the trial court's judgment and discharge McCarren from further prosecution.

{¶2} On November 1, 2010, McCarren was cited by a Green Township officer for operating a bicycle during the night without a white light in violation of R.C. 4511.56(A)(1). McCarren appeared for arraignment on the charge on November 10, 2010. A not-guilty plea was entered on McCarren's behalf, and the case was scheduled for a trial on November 22, 2010. On November 22, the trial court sua sponte continued the trial until December 6, 2010. On December 3, 2010, McCarren moved to dismiss the charge for lack of a speedy trial. The trial court denied McCarren's motion, and a trial was held over McCarren's objection on December 6. At the conclusion of the trial, the court found McCarren guilty, fined him $150, and ordered him to pay costs. McCarren now appeals.

{¶3} In his sole assignment of error, McCarren asserts that the trial court erred when it refused to dismiss the charge against him for lack of a speedy trial. Under R.C. 2945.71(A), "a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons." The time within which a defendant can be brought to trial can be extended only for the reasons listed in R.C. 2945.72, including "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). The speedy-trial statute is strictly construed against the state. *Brecksville v. Cook*, 75

Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706. See, also, *State v. Cross* (1971), 26 Ohio St.2d 270, 271 N.E.2d 264, paragraph one of the syllabus.

{¶4}   The record is clear that McCarren did not request a continuance nor did he file any motions that tolled the speedy-trial time. The trial court's journal entry indicates that the continuance on November 22, 2010, was at the court's request. The state argues that because McCarren did not provide a transcript of the proceedings before the trial court, this court is unable to examine whether the trial court's sua sponte continuance was reasonable. The state urges this court to presume regularity absent a transcript. But "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy* (1982), 2 Ohio St.3d 6, 441 N.E.2d 571, syllabus. In this case, no reasons for the continuance were included in the journal entry. Even if the transcript had been filed, the failure of the trial court to enter reasons for the continuance in its journal entry is dispositive under *Mincy*. Because no reasons were included in the journal entry, we are unable to conclude that the trial court's sua sponte continuance was reasonable. We, therefore, conclude that the court erred when it denied McCarren's motion to dismiss for lack of a speedy trial. The assignment of error is sustained.

{¶5}   Because McCarren was not brought to trial within 30 days of the citation, his conviction is vacated, and he is discharged from further prosecution. See R.C. 2945.73(B).

Judgment reversed, and appellant discharged.

**DINKELACKER, P.J., HILDEBRANDT** and **SUNDERMANN, JJ.**

Please Note:
    The court has recorded its own entry this date.