CITY OF COLUMBUS, APPELLANT, *v.* NAPPI, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* NAPPI, APPELLEE.

[Cite as City of Columbus v. Nappi, 5 Ohio St. 2d 99.]

(Nos. 39352 and 39353—Decided February 9, 1966.)

100

 

*Mr. John C. Young,* city attorney, *Mr. Howard P. Lowe, Mr. Gordon L. Sroufe* and *Mr. Jack D. Shumate,* for appellants. *Mr. Lawrence J. Burns,* for appellee.

BROWN, J. It cannot be successfully argued that this prosecution violates the constitutional provisions which require that no person shall be twice put in jeopardy for the same offense, since the constitutional provisions against double jeopardy apply only where the earlier prosecution resulted in the defendant being placed on trial. 15 Ohio Jurisprudence 2d 444, Section 261; 21 American Jurisprudence 2d 236, Criminal Law, Section 175. Procedural matters preliminary to trial do not constitute jeopardy. *Collins* v. *Loisel, Marshal,* 262 U. S. 426, 429, 67 L. Ed. 1062.

Nor can we agree that in this instance the defendant's constitutional right to a speedy trial has been invaded or avoided so as to invalidate the conviction. "Ordinarily the right to a speedy trial means a speedy trial upon an existing charge, so successive prosecutions as such do not violate it." 21 American Jurisprudence 2d 281, Criminal Law, Section 245. See *Halcomb* v. *Eckle, Supt.,* 110 Ohio App. 208.

We conclude that no constitutional question raised by the defendant was improperly decided at the trial level.

The validity or invalidity of the reversal of the conviction by the Court of Appeals turns upon the interpretation of the quoted Section 2937.21 of the Ohio Revised Code.

Such statutes are usually said to be intended to effectuate or expedite the defendant's constitutional right to a speedy trial. *Johnson* v. *State,* 42 Ohio St. 207, 208; *State, ex rel. Micheel,* v. *Vamos,* 144 Ohio St. 628, 631. But a violation of such a statute is not necessarily a violation of the constitutional requirement of a speedy trial. *People* v. *Hartman* (1951), 408 Ill. 133, 96 N. E. 2d 449; *In re Schechtel* (1938), 103 Colo. 77, 82 P. 2d 762; *United States, ex rel. Hanson,* v. *Ragen, Warden* (1948), 166 F. 2d 608. Only if a discharge under Section 2937.21, Revised Code, is a bar to a later prosecution, may the reversal of the trial court by the Court of Appeals be approved.

"In the absence of a specific provision as to the effect upon a subsequent prosecution of a discharge or dismissal of pro-

ceedings under a statute providing therefor in the case of a delay in prosecution, whether subsequent prosecution is barred depends to a large degree upon the terminology of the statute authorizing discharge or dismissal.'' Annotation, 50 A. L. R. 2d 943, 945; *United States* v. *Cadarr*, 197 U. S. 475 (citing *Ex Parte McGehan*, 22 Ohio St. 442). When statutory language provides that beyond a specified period delay shall bring about the prisoner's ''discharge so far as it relates to the offense,'' courts have usually construed such a provision as being equivalent of an acquittal. Annotation, 50 A. L. R. 2d 943, 945.

On the other hand, where the statute merely entitles the accused to be ''discharged from imprisonment,'' most states have concluded that such discharge is not a bar to a later prosecution. Annotation, 50 A. L. R. 2d 943, 958.

In *United States* v. *Cadarr, supra,* 479, the court held that the particular statute was one in terms dealing with the status of the accused before indictment, after he has been committed or held to bail, and held that the statute was not one which could be construed to discharge the prisoner from the offense or bar the further prosecution so as to acquit the accused. The court pointed out that the language had reference to the right ''in the pending prosecution to be freed, if imprisoned, or released from bail, if under bond.'' The court (by Mr. Justice William R. Day) immediately went on to say: ''If it had been the purpose of Congress to work so radical a change in the law as to end the right of further prosecution for the offense, we think it would have used language apt for that purpose * * *.''

In Ohio, in *Ex Parte McGehan, supra,* where a statute provided that a prisoner not brought to trial before the end of the second term of court held after the indictment was found ''shall be entitled to be discharged, so far as relates to the offense for which he was committed,'' the court held that the discharge amounted to an acquittal. See, also, *Johnson* v. *State,* 42 Ohio St. 207, and *Erwin* v. *State,* 29 Ohio St. 186, which are to the same effect.

That language is different from the language of the subject statute. The discharge referred to in Section 2937.21, Revised Code, is from custody or bail. The statute does not operate to dismiss the charge or to discharge the defendant from the

offense. The language of Section 2937.21, Revised Code, does not require but merely states that delay "shall * * * be *grounds* for discharge of the defendant." The heading of Chapter 2937 is, "Preliminary Examination; Bail." This interpretation is in line with the weight of authority and demonstrates that other language is used when a bar is intended.

In line with the statements in the annotation and cases referred to, we note that the Ohio Legislature in Section 2937.05, Revised Code, in an instance where a discharge of the accused takes place in connection with a dismissal of the affidavit or complaint on motion provided for in Section 2937.04, Revised Code, felt the need to state affirmatively that such a discharge should not be considered a bar to further prosecution. Contrariwise, in Sections 2945.71, 2945.72 and 2945.73, Revised Code, where the statutes merely provide that the accused shall be discharged, the Legislature felt that the need to clearly demonstrate the legislative intent under these circumstances was to do more than discharge the prisoner, and it did so by specifically providing, in Section 2945.73, that a discharge under any of these sections "is a bar to further prosecution for the same offense."

In the absence of specific statutory language barring a subsequent prosecution, we find no authority construing language such as that included in this statute as sufficient to do so. We conclude that the discharge in the earlier prosecution was from custody and bail, not from the charges and was not a bar to the later prosecution for the same offenses.

The judgments of the Court of Appeals are reversed, and the causes are remanded to the Columbus Municipal Court so that sentence may be carred into execution.

*Judgments reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.