THE STATE, EX REL. HAYNES, APPELLANT, *v.* POWERS, JUDGE, AKRON MUNICIPAL COURT, APPELLEE.

[Cite as State, ex rel. Haynes, v. Powers, 20 Ohio St. 2d 46.]

(No. 69-214—Decided November 26, 1969.)

Mr. *James R. Willis*, for appellant.
Mr. *William R. Baird*, director of law, and Mr. *Harold K. Stubbs*, for appellee.

*Per Curiam.* Section 2937.10, Revised Code, provides as follows:

"If the charge be a felony and there be no written plea of guilty or waiver of examination, or the court or magistrate refuses to receive such waiver, the court or magistrate, with the consent of the prosecutor and the accused, may set the matter for hearing forthwith, otherwise he shall set the matter for hearing at a fixed time in the future and shall notify both prosecutor and defendant promptly of such time of hearing."

As can be seen, the above statute grants discretion to a Municipal Court in the matter of holding an immediate preliminary hearing. However, if the court determines not to so proceed, a hearing "shall" be held "at a fixed time in the future." This latter language necessarily brings into consideration the provisions of Section 2937.21, Revised Code, which states:

"No continuance at any stage of the proceeding, including that for determination of a motion, shall extend for more than ten days unless both the state and the accused consent thereto. Any continuance or delay in ruling contrary to the provisions of this section shall, unless procured by defendant or his counsel, be grounds for discharge of the defendant forthwith."

Irrespective of administrative problems which might arise from an enforcement of that section, it is a clear and unambiguous statement which the courts are bound to follow unless and until the General Assembly announces otherwise.

If, "at any stage of the proceeding," a continuance for more than ten days is granted over the objection of an accused, Section 2937.21, Revised Code, requires that his demand for discharge be granted forthwith. For this statute to hold any meaningful efficacy, the term "discharge"

must include release from confinement or release from bond, and a complete termination of all criminal proceedings and charges directly involved in the action in which the continuance was granted.

It should be noted, however, that the discharge provision of the statute is not self-executing. By employing the phrase "shall * * * be *grounds* for discharge" (emphasis added), the General Assembly clearly provided that some timely and proper action by or in behalf of an accused must be initiated to secure the required release. It should be observed further that, unless jeopardy has attached, there appears to be no reason why identical charges and proceedings could not be reinstituted against an accused discharged under Section 2937.21, Revised Code. *City of Columbus* v. *Nappi* (1966), 5 Ohio St. 2d 99, 214 N. E. 2d 83.

While it is tempting to discuss the ramifications of facts which might amount to a constructive continuance, we refrain from doing so under the state of the instant record.

Nothing herein should be construed as a departure from our previous holdings that there is no constitutional right to a preliminary hearing and that when an indictment is returned by a grand jury a hearing under Section 2937.10, Revised Code, is no longer necessary. *State* v. *Wigglesworth* (1969), 18 Ohio St. 2d 171, 248 N. E. 2d 607.

In view of the foregoing discussion, it is clear from the facts presented that appellant was provided a remedy (the adequacy of which is not now decided) by Section 2937.21, Revised Code, and, since a proper grand jury indictment has been returned, the appellee no longer has a clear legal duty to conduct a preliminary hearing.

The judgment of the Court of Appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

O'NEILL, J., dissents.