PEOPLE *v.* DESAUSSURE

1. CRIMINAL LAW — GRAND JURIES — DISCOVERY — STATUTES — CONSTITUTIONAL LAW.

> The statute limiting a defendant's discovery of tesimony given to a grand jury until after the witness has testified at the defendant's trial is constitutional; an order granting defendant access to grand jury minutes one week before trial to .nable effective preparation for trial is improper and contrary to the governing statute (MCLA § 767.19g)..

2. CRIMINAL LAW—GRAND JURY—MINUTES—IN CAMERA INSPECTION.

> Any *in camera* inspection of grand jury minutes by the trial judge for the purpose of making an initial determination as to whether there exists some legal basis in law and fact to support an indictment is improper; any discovery order authorizing such inspection is improper.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 April 9, 1971, at Detroit. (Docket No. 11452.) Decided April 27, 1971. Leave to appeal as to defendant Duncan granted, 385 Mich 786.

Erone DeSaussure and others were charged under a grand jury indictment. Defendants' pretrial motion for discovery of grand jury minutes granted. The people bring an emergency appeal. Reversed in part and remanded.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 331.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Ernest Goodman* and *Elliott Hall,* for defendants.

Before: QUINN, P. J., and T. M. BURNS and DANHOF, JJ.

QUINN, P. J. This is an emergency appeal by the prosecuting attorney from a discovery order granted by the trial judge March 29, 1971. The discovery order relates to a trial scheduled to commence May 10, 1971. At the conclusion of oral argument April 9, 1971, this Court entered its order affirming the trial court in part and leaving for later decision two questions arising from the following language of the discovery order:

"It is further ordered that the request for the citizens' grand jury minutes contained in paragraph 10 of the defendants' motion be submitted for *in camera* inspection by this court for the following purposes:

"(a) For an initial determination by the court as to whether there exists some legal basis in law and fact to support either or both counts of the indictment. In the event the court finds that, in his opinion, some legal basis in law or fact does not exist for either or both counts, the indictment will be quashed.

"(b) That within one week prior to the date of trial, the minutes of the citizens' grand jury shall be made available to defense counsel for examination in order to enable them to effectively prepare for trial."

Defendants are charged under an indictment returned by a grand jury convened pursuant to PA 1970, No 9; MCLA § 767.7a *et seq.* (Stat Ann 1971 Cum Supp § 28.947[1] *et seq.*). Section 767.19g (Stat Ann 1971 Cum Supp § 28.959[7]) provides:

"The testimony of any witness before the grand jury shall not be made available to any person indicted by such grand jury prior to the time of trial of the indictment. At such time during the course of the trial when the direct examination of a person who previously testified before the grand jury has been completed, a copy of the person's testimony before the grand jury relative to the offense with which the defendant is charged, upon the request of the defendant, shall be furnished by the prosecuting attorney to defendant."

PA 1970, No 9, was not involved in *People* v. *Wimberly* (1970), 384 Mich 62, and no appellate court of this state has construed this statute. Section 767.19g is not ambiguous and its constitutionality is presumed until the contrary is shown, *People* v. *Victor* (1939), 287 Mich 506. The limited disclosure provided for in § 767.19g is very similar to that authorized by 18 USCA 3500, as amended by PL 91–452, Title I, § 102, and the authority of congress to enact 18 USCA 3500 was recognized in *Palermo* v. *United States* (1959), 360 US 343 (79 S Ct 1217, 3 L Ed 2d 1287). We hold that § 767.19g is constitutional and discovery of grand jury testimony must be as therein prescribed.

Any *in camera* inspection of grand jury minutes by the trial judge "for an initial determination by the court as to whether there exists some legal basis in law and fact to support either or both counts of the indictment" is contrary to *People* v. *Thompson* (1899), 122 Mich 411.

Reversed and remanded with direction to the trial court to strike from its discovery order those portions thereof that are quoted at the outset of this opinion.

All concurred.