PEOPLE *v.* JAMES HARRIS

1. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

   A preliminary examination is had in a prosecution commenced by complaint and warrant to determine whether a crime has been committed and whether there is probable cause to charge the defendant with the crime, before the defendant is charged by the filing of an information.

2. INDICTMENT AND INFORMATION—GRAND JURY—PROBABLE CAUSE.

   Under grand jury procedure a majority of the grand jury must be convinced that a crime has been committed and that there is probable cause to charge the defendant with it, before the defendant is charged by indictment.

3. INDICTMENT AND INFORMATION — GRAND JURY — PRELIMINARY EXAMINATION.

   A person indicted by a grand jury is not entitled to a preliminary examination.

4. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION.

   The Legislature has provided alternative methods of proceeding with a criminal prosecution namely, by complaint and warrant with a preliminary examination, or by presentment to a grand jury without preliminary examination, and either may be used.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 November 8, 1971, at Lansing. (Docket No. 1204.) Decided November 23, 1971. Leave to appeal granted, 386 Mich 778.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  21 Am Jur 2d, Criminal Law § 442 *et seq.*
[2]  38 Am Jur 2d, Grand Jury § 16 *et seq.*
  41 Am Jur 2d, Indictments and Informations § 46.

James J. Harris was indicted by a grand jury for selling or dispensing a narcotic drug. Defendant moved for a preliminary examination. Motion granted. Plaintiff appeals on leave granted. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Thomas G. Plunkett*, Prosecuting Attorney, and *Dennis Donohue*, Chief Appellate Counsel, for the people.

*John N. O'Brien*, for defendant.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

Quinn, J. Is a person indicted by a grand jury convened pursuant to MCLA 767.7 *et seq.;* MSA 28.947 *et seq.* entitled to a preliminary examination? The trial court said yes. This Court says no and reverses.

A grand jury convened pursuant to the above statutes indicted defendant May 27, 1971. His motion for preliminary examination was granted June 16, 1971, over the objection of the people. On leave granted, the people appeal.

Defendant contends that the language of MCLA 766.1; MSA 28.919 is clear and unambiguous, requires no interpretation, and provides for the right to a preliminary examination "in all. criminal causes". This contention is not sustainable.

Michigan operates under a dual system of information or indictment, MCLA 767.1; MSA 28.941. The statute defendant relies on is the first section of chapter 6 of the code of criminal procedure and that chapter is entitled "Examination of Offenders". A

casual review of the succeeding sections of that chapter establishes that the examination in all criminal causes referred to in MCLA 766.1 is restricted to criminal causes commenced by complaint and warrant for offenses not cognizable by the magistrate to whom the complaint is made.

Examination is had to determine whether a crime has been committed and whether there is probable cause for charging the defendant therewith. If the magistrate determines that an offense not cognizable by a magistrate has been committed and there is probable cause for charging defendant therewith, defendant is bound over to circuit court or any court having jurisdiction, MCLA 766.13; MSA 28.931.

It is at this point in criminal proceedings commenced by complaint and warrant that a person is charged with an offense by the filing of an information. The charge is not made until the prosecution has convinced a magistrate that a crime has been committed and there is probable cause for charging defendant therewith, unless the latter waives this requirement.

The only other statutory provisions that speak to the necessity of preliminary examinations are MCLA 767.4; MSA 28.944 and MCLA 767.42; MSA 28.982. The former relates to one-man grand jury proceedings; the latter to the necessity for a preliminary examination, unless waived, as a condition precedent to the filing of an information. Neither is pertinent to the issue before us.

Similarly, under grand jury procedure, before a person is charged with a crime by indictment, a majority of the grand jury must be convinced that a crime has been committed and that there is probable cause for charging defendant therewith. A rehash of the evidence, that convinced a majority of the grand jury, before a magistrate at a preliminary

examination would serve no legitimate purpose, and it would be entirely superfluous as far as establishing a basis for charging a person with a crime. The purpose of the preliminary examination and presentment before a grand jury is similar, see *Yaner v. People,* 34 Mich 286 (1876).

While we have not been cited to any Michigan authority on the precise question before us, nor has independent research disclosed such authority, we find the foregoing analysis and comparison of criminal proceedings commenced by complaint and warrant with similar proceedings commenced under grand jury statutes reasonable and a sound basis for denying an indictee a preliminary examination. Illinois and Ohio have reached a similar result, see *People v. Gonzales,* 125 Ill App 2d 225; 260 NE2d 234 (1970), and *State ex rel. Haynes v. Powers,* 20 Ohio St 2d 46; 254 NE 2d 19 (1969).

Additionally, a preliminary examination subsequent to indictment would be in violation of MCLA 767.19g; MSA 28.959(7), which makes unavailable to an indictee prior to trial the testimony of any witness before the grand jury. See *People v. DeSaussure,* 33 Mich App 241 (1971).

We acknowledge the validity of defendant's argument that an indictee who is denied a preliminary examination may lose some of the benefits and advantages that are possible to obtain in the adversary context of a preliminary examination. However, the legislature has provided two methods* of proceeding in criminal prosecutions, namely: complaint and warrant and presentment to a grand jury. The former requires a preliminary examination; the latter does not. Either may be used.

---

* There are actually three, one-man grand jury, but the latter is not involved in the case before us.

It is conceivable that an indictee might be able to demonstrate denial of due process or fair trial if forced to trial without a preliminary examination. If such a situation arises, the trial court is able to protect those rights by an appropriate order before trial.    Otherwise, defendant's rights can be protected under the provisions of MCLA 767.19g.

Reversed and remanded for further proceedings.

All concurred.