PEOPLE *v.* ALVIN BROWN

1. Criminal Law—Grand Jury—Discovery—Statutes—Constitutional Law.

   The statute limiting a defendant's discovery of testimony given to a grand jury until after the witness has testified at the defendant's trial is constitutional (MCLA 767.19g).

2. Indictment and Information—Grand Jury—Preliminary Examination.

   A person indicted by a grand jury is not entitled to a preliminary examination.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 November 30, 1971, at Lansing. (Docket No. 10794.) Decided November 30, 1971. Leave to appeal granted, 386 Mich 788.

Alvin O. Brown, Jr., and others were indicted by a grand jury for conspiracy to violate gambling laws. Indictment dismissed. The people appeal on leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Paul G. Miller, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Jerome F. O'Rourke,* for defendants on appeal.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

---

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 331.
[2] 21 Am Jur 2d, Criminal Law § 442.

PER CURIAM.   May 14, 1970, a citizens grand jury convened pursuant to MCLA 767.7 *et seq.;* MSA 28-.947 *et seq.,* returned a true bill charging defendants with conspiracy to violate gambling laws (enumerated).   June 13, 1970, defendants moved the trial court for a preliminary examination in district court.   The trial court neither granted nor denied this motion.   Instead it dismissed the indictments on the basis of a finding that MCLA 767.19g; MSA 28.959(7) was unconstitutional.   On leave granted, the people appeal.

We reverse, but before stating the reasons for our action, we note that had the trial court decided the motion that was before it, instead of initiating the attack on the constitutionality of the statute, we might not be thus occupied.

*People* v. *DeSaussure,* 33 Mich App 241 (1971), sustains the constitutionality of MCLA 767.19g. We recognize that the trial court did not have the benefit of this decision when the trial court decided the present case.

The motion for preliminary examination should have been denied, *People* v. *James Harris,* 37 Mich App 179 (1971).

Reversed and remanded for trial.