OPINION
Appellant Gary S. Deckard appeals the decision of the Massillon Municipal Court, Stark County, convicting him of one count of importuning. The appellee is the State of Ohio. The facts leading to this appeal are as follows. The incident leading to the criminal action below took place in Sippo Lake North Park in Perry Township. On November 13, 1998, park ranger Anthony Rotunno was working "plainclothes" as part of an undercover operation established to curtail illegal activities in the park. While Rotunno stood in a parking area near a shelter and an outdoor restroom, appellant approached him and engaged in a brief casual conversation. Appellant then walked into the restroom, and shortly thereafter Rotunno observed appellant looking at him through a section of grating material that formed the top part of the restroom wall. Rotunno inquired if appellant was okay, to which appellant responded affirmatively. Appellant exited the restroom and further engaged in conversation. He then stated that he was "not real sure how things work here" and reached for Rotunno's crotch area. Tr. Vol. II at 7. Rotunno stepped back and told appellant not to do that where people could be present, to which appellant replied by asking Rotunno if he wanted to go into the women's restroom or behind the building. When Rotunno asked him why, appellant indicated that he wanted to "get off," i.e., engage in oral sex. Rotunno then used his radio to call for back-up, and issued a citation for importuning in violation of R.C. 2907.07(B). Appellant pled not guilty at arraignment. On April 5, 1999, appellant filed a motion to dismiss, which the trial court denied. On June 21, 1999, the matter proceeded to a bench trial. The trial court found appellant guilty on July 16, 1999. Appellant then filed a motion to dismiss the case and discharge the defendant, alleging that the court had failed to comply with the time requirements of R.C. 2938.11(F). Nonetheless, on August 16, 1999, the trial court issued a judgment entry sentencing appellant to a fine of $250 and 180 days in jail, with 170 days suspended. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED UPON THE COURT'S FAILURE TO ISSUE A VERDICT PURSUANT TO OHIO REVISED CODE 2938.11(F).
 II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I.
In his First Assignment of Error, appellant argues that the matter should have been dismissed by the trial court upon appellant's motion for want of compliance with R.C.2938.11(F). We disagree. The cited provision reads as follows: Any verdict arrived at by the jury, or finding determined by the judge or magistrate in trial to the court, shall be announced and received only in open court as soon as it is determined. Any finding by the judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him. In the case of State ex rel. Turrin v. Tuscarawas Cty. Court (1966), 5 Ohio St.2d 194, the Ohio Supreme Court indicated that the statutory provision contained in R.C. 2938.11(F) is directory, rather than mandatory, in nature. Id. at 196. See, also, City of Xenia v. Manker (1984), 18 Ohio App.3d 9. Violations of these types of effectuating or expediting statutes are not necessarily violations of the constitutional right to a speedy trial. City of Columbus v. Nappi (1966),5 Ohio St.2d 99, 100. In State v. Trott (March 22, 1999), Mahoning App. No. 94 CA 73, unreported, the appellant challenged the trial court's delay of six months from submission of the case until release of the judgment entry as a violation of his rights to a speedy trial and due process of law. The Seventh District Court of Appeals, citing State v. O'Brien (1987), 34 Ohio St.3d 7, 9, sought to draw a parallel between the duty of a defendant who has signed a speedy trial waiver to make a formal demand for trial prior to any claims of unwarranted delay, and the duty of a defendant asserting a violation of R.C. 2938.11(F): We believe that this reasoning should also apply to an accused who is waiting for a trial court's decision after trial. If the accused does not demand a decision by filing an objection or a motion, then the accused should not be permitted to appeal on the grounds of a late judgment entry. Id. at 3.
In the case sub judice, appellant made no demand on the trial court during the three and one-half weeks between the date of submission of the case to the judge and the date of the conviction decision on July 16, 1999. Based on these facts and the directory nature of the statute, we find the trial court sufficiently complied with R.C. 2938.11(F). Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant contends that his conviction was not supported by the weight and sufficiency of the evidence. We disagree. In considering a claim regarding the sufficiency of the evidence, our standard is as follows: *** [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
The importuning statute at issue, R.C. 2907.07(B), reads as follows:
 (B) No person shall solicit a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard.
The state concedes that it did not present evidence to meet the "knowing" standard above; therefore, we focus our attention on appellant's assertion that the facts were insufficient to establish that he was reckless in his solicitation of the ranger. Appellant directs us to the Eighth District's decision in State of Ohio Metroparks v. Lasher (Jan. 14, 1999), Cuyahoga App. No. 73085, unreported, where the appellate court found insufficient evidence in the record to establish that the defendant was reckless in soliciting a park ranger sergeant. The court, in addressing whether appellant's solicitation constituted "fighting words" unprotected by the First Amendment, noted the following: * * * The likelihood that, in these circumstances, appellant's words would incite the average person to immediate violence is similarly remote. When Sergeant Carney entered the restroom, appellant was fully clothed and sitting in a stall. At no time did he ever approach Sergeant Carney or make any physical move toward him. By his own description of the restroom layout, Sergeant Carney could have exited the restroom at any time without incident. Moreover, appellant merely told Sergeant Carney what he wanted to do to him; he did not ask Carney to perform any act. Under these circumstances and on this evidence, we conclude that although appellant's words may well have been inappropriate, annoying and even offensive, nonetheless, they did not rise to the level of fighting words. There is similarly insufficient evidence in the record to establish that appellant was reckless in his solicitation of Sergeant Carney. It was Sergeant Carney who initiated the conversation with appellant and who asked appellant to repeat his comment to him. Thus, we are unable to conclude that appellant acted with heedless indifference to the consequences that his solicitation would be offensive. Id. at 5-6.
In the case sub judice, in contrast, Officer Rotunno testified that appellant originally initiated the conversation, that appellant made a physical move toward his genital area, and that appellant inquired of him whether he "like[d] to suck or be sucked." Tr. Vol. II at 6-8. We therefore find appellant's reliance on Lasher unpersuasive, and conclude that a reasonable trier of fact could have found the essential elements of reckless importuning proven beyond a reasonable doubt. We next turn to appellant's contention that his conviction is against the manifest weight of the evidence. Our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, 175.
Our review of the record indicates the bulk of testimony was supplied by Officer Rotunno and appellant. Comparing the two versions of the incident, it does not appear that the general sequence of events or the locations thereof are in severe conflict. However, appellant's portrayal of the incident suggests a much more proactive conversational role by Rotunno. For example, appellant testified: And then I turned around and I said I don't know . . . I like to get off and he said well how do you like to get off and I said I don't know I like to get sucked. I believe it was at that time that he said he goes what do you got let me see and it was. . . . Tr. Vol. II at 51.
Nonetheless, after reviewing the entire record and the transcripts therein, we are persuaded that the finder of fact did not lose his way and create a manifest miscarriage of justice. Appellant's conviction was not against the manifest weight of the evidence presented. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Massillon Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, J. FARMER, P.J. and EDWARDS, J. CONCUR.