[Cite as *State v. Kirst*, 2019-Ohio-1603.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES KIRST, | : | Case No. 18CA72 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County
                                Court of Common Pleas, Case No.
                                2018-CR-0259


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               April 26, 2019


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARY BISHOP                             DAVID M. WATSON
Prosecuting Attorney                    3 N. Main St., Suite 702
Richland County, Ohio                   Mansfield, Ohio 44902


By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1} Defendant-appellant James Kirst appeals from the July 19, 2018 Sentencing Entry of the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about March 31, 2018, appellant was arrested on a charge of domestic violence in violation of R.C. 2919.25, a felony of the fourth degree. Appellant remained incarcerated in the Richland County jail throughout the pendency of his case. A preliminary hearing was held on April 12, 2018, 12 days after appellant's arrest.

{¶3} Appellant was indicted on April 19, 2018. At his arraignment on May 1, 2018, appellant entered a plea of not guilty. On July 12, 2018, appellant filed a motion to dismiss on speedy trial grounds. Appellee filed a response to the same on July 13, 2018.

{¶4} At a hearing held on July 16, 2018, appellant argued, in part, that the preliminary hearing was not held within ten days as required by R.C. 2945.71(C)(1). After the trial court denied appellant's request to dismiss the indictment, a trial was held and a jury found appellant guilty. As memorialized in a Sentencing Entry filed on July 19, 2018, appellant was sentenced to 16 months in prison.

{¶5} Appellant now appeals, raising the following assignment of error on appeal:

{¶6} "I. APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS WAS VIOLATED WHEN HE WAS DENIED HIS INITIAL PRELIMINARY HEARING WITHIN THE STATUTORY TEN DAY PERIOD PURSUANT TO RC 2945.71(C)(1)."

I

**{¶7}** Appellant, in his sole assignment of error, argues that his right to due process was violated when he was denied his initial preliminary hearing within the statutory ten day period pursuant to R.C. 2945.71(C)(1).

**{¶8}** A person charged with a felony who is held in jail is entitled to a preliminary hearing within ten days of arrest on the pending charge. R.C. 2945.71(C)(1) and R.C. 2945.72(H) permits extension of the time limits for a preliminary hearing by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Under R.C. 2945.73(A), "[a] charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code."

**{¶9}** As one court has previously concluded, "while Crim.R. 5(B) and R.C. 2945.73 prescribe that a preliminary hearing shall be held within a designated time period, the failure to provide a preliminary hearing within the specified time periods does not automatically entitle a defendant to a dismissal of the charges against him." *State v. Zaffino,* 9th Dist. Summit No. 21514, 2003–Ohio–7202, at ¶ 9. A defendant must take affirmative action, by moving to dismiss the charges against him for failure to hold a timely preliminary hearing " 'at the level where something can be done about it before a grand jury returns an indictment." ' *Zaffino* at ¶ 11, quoting *State v. Whipple* (Jan. 2, 1983), 1st Dist. No. C–820206.

**{¶10}** If an indictment is handed down before a defendant timely and properly takes such action to secure a dismissal, the right to a preliminary hearing is extinguished.

*Zaffino* at ¶ 12, citing *State v. Wood*, 48 Ohio App.2d 339, 342, 357 N.E.2d 1106 (1976). Furthermore, we note that no rights or defenses are lost for failure to hold a preliminary hearing. Id., citing *State v. Azcuy*, 10th Dist. No. 88AP–529, 1994 WL 232321 (May 26, 1994) and *White v. Maxwell*, 174 Ohio St. 186, 188, 187 N.E.2d 878 (1963).

{¶11} As further discussed in *Zaffino,* a subsequently issued indictment is a valid charging instrument and need not be dismissed "merely because it was returned after the time limits imposed on a preliminary hearing." *Zaffino* at ¶ 13; citing *State v. Parker,* 10th Dist. Franklin Nos. 80 AP–67 and 68, 1980 WL 353656; See also, *State v. Aberle,* 5th Dist. Muskingham No. CA91–33, 1992 WL 173387; citing *State v. Pugh,* 53 Ohio St.2d 153, 372 N.E.2d 1351 (1978).

{¶12} In the case sub judice, we find that appellant was properly indicted by the Grand Jury before any steps were taken by him to secure a dismissal of the charges against him. Consequently, his right to a preliminary hearing was extinguished. See *Zaffino* at ¶ 17. See also *State v. Moore*, 5th Dist. Licking No.  16–CA–26, 2016 -Ohio-7594. In Moore, this Court held, in relevant part, as follows at paragraph 19:

> In *Haynes*[1] *,* the Court noted the discharge provision of R.C. 2945.73 "is not self-executing" and "some timely and proper action by or [on] behalf of an accused must be initiated to secure the required release." *Haynes,* supra, 20 Ohio St.2d at 48. The *Haynes* Court also reaffirmed its previous holdings that "there is no constitutional right to a preliminary hearing and that when an indictment is returned by a grand jury a hearing under Section

---

[1] The complete citation is *State ex rel. Haynes v. Powers,* 20 Ohio St.2d 46, 254 N.E2d 19 (1969) .

2937.10, Revised Code, is no longer necessary." *Id.,* citing *State v. Wigglesworth,* 18 Ohio St.2d 171, 248 N.E.2d 607 (1969) [death penalty reversed on other grounds in *Wigglesworth v. Ohio,* 403 U.S. 947, 91 S.Ct. 2284, 29 L.Ed.2d 857].

**{¶13}** In the case sub judice, the indictment was filed prior to appellant's motion to dismiss. Moreover, the filing of the indictment obviated the requirement of a preliminary hearing. *Haynes,* supra.

**{¶14}** Appellant's sole assignment of error is, therefore, overruled.

**{¶15}** Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.